429 P.2d 355

STATE of New Mexico, Plaintiff-Appellee,

v.

James Homer ELLEDGE, Defendant-Appellant.

No. 8164.

Supreme Court of New Mexico.

June 19, 1967.

158

William E. Bondurant, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., for appellee.

OPINION

WOOD, Judge, Court of Appeals.

The trial court denied defendant's motion for post-conviction relief under § 21-1-1 (93), N.M.S.A.1953, and he appeals.

Defendant asserts five grounds for relief. The first three grounds claim a denial of rights guaranteed by the Fifth and Sixth Amendments to the Constitution of the United States as follows:

(1) At the time of his arrest he was not advised that he had a right to remain silent, that any statement made by defendant might be used as evidence against him and that he had the right to the presence of an attorney. Under this point he relies on Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758 12 L.Ed.2d 977 (1964); and Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

(2) At the time he signed a statement he was without counsel. Here, he relies on Miranda v. State of Arizona, supra; and Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

(3) At the time of his arrest his private quarters were illegally searched with the purpose of obtaining evidence against him. He relies on Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

There are two answers to these contentions. First, there is nothing in the record indicating that defendant was interrogated without being advised of his rights or that his quarters were searched. He gave a statement, but its contents do not appear in the record. We have no facts before us to which the above-cited authorities could be applied. Olguin v. Cox, 355 F.2d 479 (10th Cir. 1966).

Second, assuming that defendant's claims have a basis in fact, no use was made of any information or evidence obtained in violation of constitutional guarantees. Neither statements made in the absence of counsel nor evidence obtained by illegal

search was used against him. He pleaded guilty on February 1st. He had been represented by counsel since the preceding October 27th. There is no claim that the plea was coerced or in any way involuntary. There is no claim of prejudice to the defendant.

 Under these circumstances, his plea of guilty constituted a waiver of the claimed defects. State v. Blackwell, 76 N.M. 445, 415 P.2d 563 (1966); State v. Vaughn, 74 N.M. 365, 393 P.2d 711 (1964); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964), cert. denied, 379 U.S. 978, 85 S.Ct. 680, 13 L.Ed. 2d 569 (1965); Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966); Swepston v. United States, 289 F.2d 166 (8th Cir. 1961); Thomas v. United States, 290 F.2d 696 (9th Cir. 1961); United States v. Sturm, 180 F.2d 413 (7th Cir. 1950), cert. denied, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388 (1950). Accordingly, these three contentions afford no basis for post-conviction relief.

Defendant's fourth claim is that his sentence should be vacated because he was not immediately arraigned before a justice of the peace. He claims a violation of his rights under New Mexico Constitution, Article II, § 14, and § 41–3–1, N.M.S.A.1953. This claim is based on the elapsed time between his arrest on October 27th and his preliminary examination on November 5th.

Our statutes do not provide for an arraignment before a justice of the peace; rather, they provide for a preliminary examination by a committing magistrate and arraignment and trial before the district court. State ex rel. Hanagan v. Armijo, 72 N.M. 50, 380 P.2d 196 (1963). However, it is the practice for the magistrate to arraign the defendant at preliminary examination. Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965). Accordingly, we treat this fourth contention as a claim that his arraignment and preliminary examination before the magistrate was delayed.

This contention is without merit. Defendant was taken before the justice of the peace on the day of his arrest. Because he was without an attorney, counsel were appointed that day. There is no claim of prejudice, nor facts before us on which to base such a claim.

 Assuming there was undue delay, that delay did not deprive the magistrate of jurisdiction to bind defendant over to district court. State v. Barreras, 64 N.M. 300, 328 P.2d 74 (1958). When defendant was arraigned in district court, his plea waived the claim of undue delay in the absence of a showing of prejudice. State v. Blackwell, supra; Olguin v. Cox, supra; Herrera v. Cox, 358 F.2d 942 (10th Cir. 1966).

Defendant's fifth claim for relief is that he was not represented by counsel at his preliminary hearing. The record affirmatively shows to the contrary.

The order denying post-conviction relief is affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.