432 P.2d 408

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Franklin Melvin ARCHIE, Defendant-Appellant.**

**No. 8410.**

Supreme Court of New Mexico.

Oct. 9, 1967.

E. Ray Phelps, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Defendant's motion for post-conviction relief asked that the judgment and sentence be set aside and that defendant be allowed to withdraw his guilty plea. The motion was denied without a hearing. Defendant's motion raised issues as to (1) the validity of the guilty plea, (2) absence of counsel during his questioning and (3) absence of counsel at his preliminary hearing. The same issues are raised in his appeal.

■■■ Defendant raised, and the trial court decided, the same questions in a prior motion for post-conviction relief. Under § 21–1–1(93), N.M.S.A.1953 (Interim Supp. 1966), the trial court was not required to entertain the second motion. See Sanders v. United States, 373 U.S. 1, 83

S.Ct. 1068, 10 L.Ed.2d 148 (1963). However, it did so. The trial court denied the motion on the basis that the files and records conclusively showed that defendant was not entitled to relief. Accordingly, we decide the appeal on the merits.

A guilty plea must be voluntarily made. If the plea is induced by promises or threats, it is void and subject to collateral attack. If the plea is made voluntarily after proper advice of counsel and with a full understanding of the consequences, the plea is binding. State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

Defendant claims that he did not "competently and intelligently plead guilty." He bases this claim on the following allegations: (1) he was "influenced, frightened and persuaded by his court appointed attorney" to plead guilty; (2) after his preliminary hearing, he was bound over to district court on a charge of first degree murder and this influenced his plea; (3) he acquiesced in a guilty plea because of "the threat and possibility of a death sentence;" and (4) presumably at the time of his plea, he felt the plea was "unjust and unfair."

Assuming that these allegations have a basis in fact, none of the allegations provide a basis for holding the plea to be involuntary. The first three allegations are to the effect that defendant chose to rely on counsel's advice and plead guilty rather than trust his fate to a jury on the charge of first degree murder. This does not establish that his plea was involuntary. Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966). The allegation that the plea was unjust and unfair is too general to raise a question as to involuntariness. State v. Williams, 78 N.M. 431, 432 P.2d 396, opinion issued October 9, 1967; State v. Apodaca, 78 N.M. 412, 432 P.2d 256, opinion issued October 2, 1967; State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967).

Further, the record shows that the plea was voluntary. He was arraigned on a charge of first degree murder. He pled not guilty. Some five months later he withdrew his plea of not guilty and pled guilty to second degree murder. Throughout these proceedings he was represented by counsel. While counsel was originally court-appointed, defendant retained him on the day of his arraignment. Thereafter, counsel represented defendant as privately employed counsel. The trial court ruled that counsel was a capable attorney.

Prior to the guilty plea, counsel made a statement to the court. He stated: (1) He had talked to the witnesses. (2) He had studied the record of the preliminary hearing. (3) He had explained the possible verdicts to defendant, ranging from acquittal to a death sentence. (4) He had explained the sentence that would be imposed after a guilty plea to second degree murder. (5) He had fully explained to defendant his rights. (6) Understanding his rights, defendant wished to change his plea.

Upon interrogation by the court, defendant stated that he agreed with counsel's statement and that it was his desire to plead guilty to second degree murder. The plea was then accepted and the charge of first degree murder was dismissed.

The guilty plea was binding. State v. Robbins, supra.

Defendant asserts that he did not have counsel when interrogated by and when he gave statements to the district attorney and other authorities. He also complains of the absence of counsel at his preliminary hearing.

Absent a showing of prejudice, these defects were waived by his guilty plea. State v. Robinson, 78 N.M. 420, 432 P.2d 264, opinion issued October 2, 1967, and cases therein cited.

Defendant asserts generally that absence of counsel prejudiced him in the subsequent proceedings before the district court. Such a general claim does not set forth a basis for relief. State v. Williams, supra; State v. Apodaca, supra; and State v. Moser, supra.

Defendant makes a specific claim of prejudice due to absence of counsel at his preliminary hearing. He asserts that his guilty plea was influenced by the result of this hearing. He then asserts that the result of the hearing was influenced because, without counsel to represent him, the State's witnesses were not cross-examined and no evidence was introduced to show defendant killed in self-defense. Even though the result of the preliminary hearing may have influenced his guilty plea, the plea was still voluntary. Since the plea was voluntary, defendant was not prejudiced by the absence of counsel at the preliminary hearing.

The order denying post-conviction relief is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.