432 P.2d 825

**Ray E. CHRISTIE, Plaintiff-Appellant,**

v.

**NINTH JUDICIAL DISTRICT, Defendant-Appellee.**

**No. 8311.**

Supreme Court of New Mexico.

Oct. 23, 1967.

George Murphy, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Ass't Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

Defendant has sought post-conviction relief under Rule 93 (§ 21–1–1(93), N.M.S.A.1953, Supp.1967). The grounds relied upon in his motion, and which he now urges upon us, are all concerned with claimed mistreatment and deprivation of his rights prior to the time he was arraigned in the district court on October 5, 1964 on a charge of burglary.

At his arraignment he entered a plea of not guilty. The case was thereupon set for trial on November 12, 1964. When he appeared before the court on November 12, 1964, he withdrew his plea of not guilty and entered a plea of guilty. A judgment of guilty was entered and he was sentenced on November 18, 1964 to confinement in the State Penitentiary.

He was at all times represented in the district court by competent counsel, and he and his counsel were both present in court on all three occasions when the actions of the court were taken.

Competent counsel was appointed to represent him in these Rule 93 proceedings. He was granted a full hearing on his motion. He personally appeared and testified at this hearing. His motion was denied. He has taken this appeal, and we affirm.

He argues all his points together and relies upon the cases of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Miranda v. State of Arizona, 384

U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Jackson v. United States, 214 F.2d 485 (4th Cir. 1954); and State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966). Nothing said in any of these cases can possibly be construed as suggesting that under the facts of this case defendant was denied any of his constitutional rights, which would entitle him to relief under Rule 93.

We shall dispose of his complaints in the order in which they were presented in his motion and are presented in his brief in chief.

He first complains that from about 12:30 A.M. on the day of his arrest, until some hours later on the same morning, when he was taken before a justice of the peace, he was placed in a jail corridor, outside the regular cell block; that his shoes were taken from him; that the floor in the corridor was of concrete; and that he was not furnished a blanket or a place to sleep.

He cites no authority in support of his contention that by this treatment he was denied due process and equal protection under the law. Some personal discomfort, occasioned by being jailed for a few hours awaiting preliminary examination, does not constitute a denial of due process or equal protection, nor can it be said to constitute cruel and unusual punishment. Cf. Ex parte Pickens, 101 F.Supp. 285, 13 Alaska 477 (D.C. Alaska, 1951).

He next complains that on the morning following his arrest he was taken by the police to a room for questioning, and was not advised of his rights to counsel and to remain silent. However, in his motion he states that he refused to answer any questions, and he so testified at the hearing on his motion. The mere failure of the police to advise him of his constitutional rights to counsel and to remain silent, without any showing of prejudice, is no basis for relief. State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967).

He did offer some confused testimony about a statement which he claims he later gave, but the statement or the substance thereof is not before us, and there is nothing to indicate that any use whatsoever was ever made of this statement, if in fact such a statement ever existed. Under these circumstances he could not have been prejudiced. State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967).

His next two complaints relate to his contentions that he was charged with three counts of burglary; that bond was set by the justice of the peace at $3,000 on each of these counts; that he was advised that if he would plead guilty to one of these counts the other two would be dropped and the bond lowered; that at the time he had a wife and two small children to support; that later the justice of the peace dropped two of the charges; and that the bond was reduced to $3,000.

The record fails to support his contentions that three charges were filed against him, or that the bond ever exceeded $3,000. The trial court found against his contentions, and the record and testimony of the justice of the peace support the finding.

His next complaint is that he was held in jail about four days and nights following his arrest, that during this time he was not allowed to see or communicate with anyone, and that, therefore, he was denied due process and equal protection under the law. The trial court found these contentions to be without merit, and the evidence supports the findings. The record shows he was arrested on September 29; that he appeared before a justice of the peace the same morning; that at that time he was offered the opportunity to telephone or send word to an attorney of his choice; that he was advised of his right to counsel, and that counsel would be appointed to represent him, if he was indigent and financially unable to employ counsel; and that he was advised of his right to a preliminary hearing. He chose not to call an attorney of his choice, and he waived the appointment of counsel and a preliminary hearing. The trial court found these waivers were knowingly and intelligently made, and there is substantial support in the record for this finding.

Under the circumstances disclosed by the record, the suggestion in his brief that any waiver of constitutional rights resulted from ignorance so as to amount to a denial of due process under the rule enunciated in Jackson v. United States, supra, is totally without substance.

 Although we are of the firm conviction that defendant has failed to show the violation of any of his constitutional rights, any irregularities or defects which may have occurred prior to his plea of guilty on November 12, and which he urges as grounds for relief, were waived when he entered his plea of guilty. See State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); State v. Elledge, supra; State v. Gonzales, 77 N.M. 583, 425 P.2d 810 (1967); State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); State v. Romero, 76 N.M. 449, 415 P.2d 837 (1966); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964).

The order denying defendant's motion should be affirmed.

It is so ordered.

MOISE and CARMODY, JJ., concur.