438 P.2d 170

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Jeff BREWSTER, Jr., Defendant-Appellant.**

No. 8320.

Supreme Court of New Mexico.

March 4, 1968.

Charles L. Harrington, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

OMAN, Judge, Court of Appeals.

This is an appeal from an order denying defendant's motion filed under Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)]. The motion was denied without hearing.

Defendant's claim for relief from his conviction and sentence to the New Mexico State Penitentiary for second degree murder is predicated upon his assertions that he was arrested for being drunk and disorderly and confined in the Roswell City Jail; that on the following morning, while still under the influence of intoxicating liquor, he was questioned concerning a murder which was committed in Roswell the preceding night; and that during this questioning, at which he had no attorney, he gave information which connected him with the crime. The record is silent upon these contentions.

He argues here that the information he gave aided the State in assembling evidence which warranted the filing of the criminal complaint against him for murder. This being so, he argues that his conviction upon his plea of guilty was obtained by a violation of his constitutional rights. He cites no authority in support of his position.

The record shows that the criminal complaint was filed and a warrant for defendant's arrest issued on August 15, 1965. He was brought before a justice of the peace on the same date, advised of the charges against him, and informed of his right to counsel. He told the justice of the peace that he would employ his own counsel.

On the following day he informed the justice of the peace that he was unable to obtain an attorney. This information was relayed to the district court, who at once appointed an experienced and competent attorney to represent him.

On August 20, 1965, he appeared before the justice of the peace with his attorney and entered a plea of not guilty. A preliminary hearing was conducted at which various eye witnesses for the State appeared and testified. He was bound over for action by the district court, and an Information charging him with murder was filed on the same date.

On September 3, 1965, defendant and his attorney appeared before the district court for arraignment. He entered a plea of guilty to murder in the second degree, and the charge of murder in the first degree was thereupon dismissed, with the consent of the State.

Prior to accepting his plea, the court advised defendant of his rights to a jury trial, to remain silent, and to require the State to prove his guilt beyond a reasonable doubt. The court also established by inquiry of the defendant that he understood the nature and effect of his plea and the extent of the penalty which could be imposed. The record clearly demonstrates that the plea was voluntarily made.

The same trial judge, who presided over the arraignment proceedings and accepted the guilty plea, also denied the motion under Rule 93.

■ The question is whether a defendant, who has voluntarily pleaded guilty, is entitled to a post-conviction hearing under Rule 93 for the purpose of determining whether or not the State obtained evidence, which warranted the filing of the complaint, as a result of a claimed questioning of him contrary to his constitutional rights to remain silent and to the aid of counsel. We hold he is not entitled to any such hearing, and that the trial court was correct in denying the motion.

In State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967), in quoting from Mahler v. United States, 333 F.2d 472 (10th Cir. 1964), we stated:

"A plea of guilty voluntarily made forecloses an accused's right to object to the manner in which he was arrested or *how the evidence may have been obtained against him.* The plea is a waiver of all non-jurisdictional defenses and *a sentence which follows such a plea of guilty is a result of the plea and not the evidence theretofore obtained."* (Emphasis added).

■ See also State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967), in which like contentions were urged and rejected because a plea of guilty, which was not coerced but which was made voluntarily, constituted a waiver of claimed prior constitutional violations of defendant's rights. A plea of guilty made voluntarily, after proper advice of counsel and with a full understanding of the consequences, is binding. State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967).

The order denying the motion under Rule 93 should be sustained.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.