439 P.2d 559

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Ray Franklin DECKER, Defendant-Appellant.**
**No. 148.**

Court of Appeals of New Mexico.
March 22, 1968.

Clifford L. Payne, Lovington, for defendant-appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967), was denied without hearing. His appeal raises issues concerning: (1) the voluntariness of his guilty plea, (2) wrongful arrest and (3) failure of the trial court to appoint counsel or hold a hearing on the post-conviction motion.

*Voluntariness of the Guilty Plea.*

Defendant pleaded guilty to two charges. He asserts that he agreed to do this on the condition that the remaining charges be dropped and on the basis of a "guarantee" by the District Attorney that he would be released after serving the required minimum of his sentence. He states that he has appeared before the Parole Board but has not been paroled. He claims that the District Attorney did not live up to the alleged promise. On this basis he contends that he was coerced into pleading guilty.

The criminal complaint is dated July 28th. Counsel was appointed to represent defendant on August 4th and did represent defendant thereafter. Preliminary hearing was held August 18th. Defendant pleaded not guilty when arraigned in district court on October 19th. The guilty plea was entered the following January 9th.

The charges to which defendant pleaded guilty were read to the defendant. The trial court advised defendant of the possible sentences. In response to questions by the trial court, defendant stated that (a) he was familiar with and understood the charges, (b) he had received advice of counsel, (c) no one had indicated what the court might do, (d) no threats had been made, (e) he realized he had a right to be tried by a jury and (f) he was changing his plea freely and voluntarily. Twice defendant denied that any promises had been made to induce him to change his plea. Defendant waived a pre-sentencing report and asked the court to sentence him "at this time."

On the basis of the foregoing, the trial court accepted the guilty plea.

In denying the motion for post-conviction relief, the trial court found that defendant had been represented by able counsel and stated that "the record conclusively shows the petitioner is not entitled to the relief

prayed for, and his present claims are wholly in conflict with the record."

We agree. Two similar cases are State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967), and State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967). As stated in State v. Robbins, supra:

"Nothing further was required to conclusively show that defendant did voluntarily change his plea from not guilty to guilty after proper advice from competent counsel, that he did understand the consequences of his act in changing his plea, and that he is not entitled to relief. * * *"

*Wrongful Arrest.*

Defendant asserts that his arrest was wrongful. In his motion he states his version of the shooting incident on which the charges were based. This states no basis for relief. The illegality of the arrest, if true, was waived by the guilty plea. State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); State v. Simien, 78 N.M. 709, 437 P.2d 708, opinion issued February 19, 1968.

*Failure to Appoint Counsel or Hold a Hearing on the Post-Conviction Motion.*

Defendant contends his motion raised factual issues which could not be resolved without a hearing and that he was entitled to counsel because of these factual issues.

Section 21–1–1(93), N.M.S.A.1953 (Supp. 1967), provides for appointment of counsel and a hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See State v. Lobb, 78 N.M. 735, 437 P.2d 1004, opinion issued February 12, 1968; State v. Sanchez, 78 N. M. 25, 420 P.2d 786 (Ct.App. 1966).

Here the motion, the files and records conclusively show that defendant was not entitled to relief. The trial court did not err in failing to appoint counsel or hold a hearing on the motion.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.