440 P.2d 808

STATE of New Mexico, Plaintiff-Appellee,

v.

Richard L. KNERR, alias Garry L. Morgan, Defendant-Appellant.

No. 120.

Court of Appeals of New Mexico.

April 19, 1968.

**134**

Eric D. Lanphere, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Roy G. Hill, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

On January 15, 1958, defendant pleaded guilty to armed robbery committed on January 2, 1958. He was sentenced to confinement in the New Mexico State Penitentiary for a term of not less than three nor more than twenty-five years.

The case is now before us on appeal from an order denying without hearing his motion filed pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)]. He seeks to have his judgment of conviction and sentence to the penitentiary, entered upon his plea of guilty, set aside on the claimed grounds:

(1) That he was arrested on the morning of January 2, 1958, and was not arraigned or advised of his rights for a period of thirteen days, during which time he made many requests for permission to use the telephone, to call an attorney, but his requests were denied by the police.

(2) That when arraigned on January 15, 1958, he was allowed to talk with an attorney for only five minutes before sentence was imposed.

(3) That he entered a guilty plea in the belief that he would be given a suspended sentence.

The record fails to show just when defendant was arrested, or whether he was advised of any of his rights prior to his arraignment. It does show that he was represented by counsel in the arraignment proceedings; that in these proceedings he and his attorney were specifically informed as to the nature of the charge made against him by the State in the information filed on January 15, 1958; that he pleaded guilty to the charge; and that the following questions were then asked by the court and he made the following answers thereto:

"THE COURT: Is this guilty plea entered freely and voluntarily after consultation with your attorney, Mr. Cebuhar?

"* * *

"DEFENDANT KNERR: Yes, sir.

"THE COURT: Did any one in authority—by that I mean the Sheriff's Office, any Deputy Sheriff, Sheriff or any policeman or anyone in the District Attorney's Office—promise you anything to get you to plead guilty to this charge?

"DEFENDANT KNERR: No, sir.

"THE COURT: Did any one in authority use any force, threats or coercion on you to get you to plead guilty to this charge?

"DEFENDANT KNERR: No."

Immediately thereafter, but still as a part of the arraignment proceedings and prior to the entry of judgment and the imposition of sentence, the following matters were developed in a colloquy between the court, the defendant, the district attorney, and defendant's attorney:

(1) At the time there was a detainer on defendant from Valencia County, New Mexico, in connection with a charge of armed robbery.

(2) He had served a term of imprisonment in Montana on a felony conviction.

(3) He had been convicted in Montana of another felony, and was awaiting sentence when he escaped from jail on December 13, 1957.

(4) His attorney suggested that the court suspend the sentence and return him to Montana for action by the Montana authorities, rather than commit him to the New Mexico State Penitentiary for a period of three to twenty-five years.

(5) The court announced that it would be the judgment and sentence of the court that defendant be committed to the New Mexico State Penitentiary for a term of not less than three nor more than twenty-five years.

Nothing was said by either defendant or his attorney which in any way suggested that defendant understood or even believed he would be given a suspended sentence, and nothing even slightly suggests that any one promised or even suggested the probability that he would receive a suspended sentence.

As to his first point—that he was not arraigned, advised of his rights, or permitted to call an attorney for a period of thirteen days prior to his arraignment—even if his contentions be accepted as true, and even if it be said that his rights were thereby denied him, still he cannot now be heard to complain. He was convicted upon his voluntary plea of guilty, and any irregularities, which may have occurred prior thereto, do not constitute grounds for a collateral attack under Rule 93 upon the judgment of conviction and sentence. State v. Marquez, 79 N.M. 6, 438 P.2d 890, decided March 25, 1968; State v. Brewster, 78 N.M. 760, 438 P.2d 170, decided March 4, 1968; Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966), cert. denied, 385 U.S. 869, 87 S.Ct. 138, 17 L. Ed.2d 97 (1966).

He does not claim, and the record does not suggest, any prejudice by reason of the claimed refusals of his requests to use the telephone. Absent some basis of prejudice, a claim that he was refused the use of a telephone is not ground for vacating a judgment and sentence. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967).

As to his second point—that he was allowed to talk with his attorney for only five minutes before sentence was imposed—this is also without merit. As just stated, the conviction was upon his voluntary plea of guilty, and he cannot now complain that he should have had more time to consult with his attorney. Neither he nor the attorney requested more time.

If it is being suggested that, by reason of the limited time within which to confer with counsel, he was thereby denied the effective assistance of counsel, he must fail in this suggestion, first, because of his voluntary plea of guilty to the charge [see Turner v. United States, 271 F.2d 855 (8th

Cir. 1959)], and secondly, because the competence and effectiveness of counsel cannot be determined by the amount of time counsel spent or failed to spend with defendant. State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.), decided February 16, 1968. See also Brinegar v. United States, 290 F. 2d 656 (6th Cir. 1961); Simpson v. State, 181 So.2d 185 (Fla.App.1965).

In Edwards v. United States, 103 U.S. App.D.C. 152, 256 F.2d 707 (1958), cert. denied, 358 U.S. 847, 79 S.Ct. 74, 3 L.Ed.2d 82 (1958), petitioner raised the question of inadequacy of his counsel and alleged that his counsel had met but once with him before he entered a plea of guilty. The following language from that case is particularly appropriate here:

  "It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the consequences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law. A plea of guilty may not be withdrawn after sentence except to correct a 'manifest injustice,' and we find it difficult to imagine how 'manifest injustice' could be shown except by proof that the plea was not voluntarily or understandingly made, or a showing that defendant was ignorant of his right to counsel. Certainly ineffective assistance of counsel, as opposed to ignorance of the right to counsel, is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding."

In his brief he argues that he was denied his constitutional right to be represented by counsel of his choice. Although the record before us fails to so show, we are assuming that counsel was appointed. Defendant made no objections to the attorney appointed for him, and the only possible question concerning the voluntariness of his plea is raised by suggestion under his third point, hereinafter discussed.

■ If in fact he was ever denied the right to secure his own counsel, such right was waived by his plea of guilty. In addition to the above-cited cases as to the effect of a voluntary plea of guilty, see also, Maxie v. Cox, 357 F.2d 335 (10th Cir. 1966); Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966).

■ Regardless of the waiver, by his plea, the fact that the competent attorney by whom he was represented was not of his choice is not sufficient basis upon which to vacate a judgment and sentence. Yodock v. United States, 97 F.Supp. 307 (D.C.M.D.Pa.1951).

■ His third point—that he entered a guilty plea in the belief that he would be given a suspended sentence—is completely without merit. If he harbored any such belief, no claim is made, and the record fails to show anything which would indicate, that such belief was induced by anything promised or said to him by any one representing the State of New Mexico. Under these circumstances he cannot avoid the effect of his guilty plea. See State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967); Dalrymple v. State, 78 N.M. 368, 431 P.2d 746 (1967); State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); cert. denied, 389 U.S. 865, 88 S.Ct. 130, 19 L.Ed.2d 137 (1967). Compare State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967).

In his brief in chief he argues that he is entitled to have the judgment of conviction and sentence vacated because the trial judge failed to advise him of the sentence

which might be imposed. He must fail in this contention for at least two reasons:

■ First, this question was not presented to the trial court, and, therefore, cannot be raised here. State v. Brewer, 77 N.M. 763, 427 P.2d 272 (1967); Batchelor v. Charley, 74 N.M. 717, 398 P.2d 49 (1965); Entertainment Corporation of America v. Halberg, 69 N.M. 104, 364 P.2d 358 (1961); Koran v. White, 69 N.M. 46, 363 P.2d 1038 (1961).

■ Secondly, the record shows that in the colloquy to which reference is above made, defendant's attorney referred to the sentence of three to twenty-five years, and shortly thereafter the court announced this is what the sentence would be. It was not until ten years later that defendant first claimed a lack of understanding as to the length of time he could be confined under the sentence which could be and was imposed.

■ As stated in State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967), ordinarily an accused should be advised of the maximum possible sentence and the minimum mandatory sentence which can be imposed. This the court did. It is true that the court did not expressly state what were the maximum and mandatory minimum sentences which could be imposed, and that the court's statement as to what the sentence would be was not made until after defendant had announced his plea of guilty. But it was made as a part of the arraignment proceedings and before the entry of the judgment of conviction. And, as above stated, his attorney made reference to the term of the sentence when suggesting to the court that defendant be given a suspended sentence.

It is apparent from the record that defendant understood the consequences of a guilty plea, and understood what sentence could and would be imposed.

The order denying the motion should be affirmed.

It is so ordered.

WOOD and ARMIJO, JJ., concur.