441 P.2d 500

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Eric Paul HANSEN, Defendant-Appellant.**
**No. 145.**

Court of Appeals of New Mexico.
May 17, 1968.

Paul F. Sherman, Deming, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant appeals from an order denying, without hearing, his motion filed pursuant to Rule 93 [§ 21-1-1(93), N.M.S.A. 1953 (Supp.1967)].

He pleaded guilty to armed robbery in violation of § 40A-16-2, N.M.S.A.1953, and, upon the entry of judgment pursuant to his plea, was sentenced to imprisonment in the New Mexico State Penitentiary for a term of not less than ten years nor more than fifty years.

His many claims and contentions have been grouped under four separate points relied upon for reversal. We shall first dispose of his contention that his court-appointed counsel was ineffective and incompetent, and, apparently, that counsel was not appointed.

The record shows conclusively that he was advised of his right to counsel and that he waived that right in the justice of the peace court. He signed a written waiver of his right to counsel in that court, and he later acknowledged in the subsequent arraignment proccedings before the district court that he had signed the waiver.

Besides, he does not assert that he ever requested counsel in that court, or that any official in New Mexico's system of justice failed to take steps toward appointment of counsel for him, although he was fully advised of his right to counsel. Under these circumstances, he cannot be heard to complain. State v. Raines,˙ 78 N.M. 579, 434 P.2d 698 (Ct.App.1967).

By subsequently entering a guilty plea in the district court, which˙ as hereinafter shown was clearly voluntary, he also waived his right to counsel before the committing magistrate. State v. Olguin, 78 N.M. 661, 437 P.2d 122 (1968); Morales v. Cox, 75 N.M. 468, 406 P.2d 177 (1965). The record conclusively shows that when he requested counsel in the district court, counsel was appointed.

The claim of incompetence and ineffectiveness of counsel is refuted by the record. Two attorneys represented him at different times. Both are capable and competent attorneys, and they appear to have done all defendant would permit them to do. Defendant stands convicted upon his voluntary plea of guilty, which he made, after consulting, at his specific request, with a competent attorney at the arraignment proceedings. Under these circumstances the plea is binding. State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967). See also State v. Knerr, 79 N.M. 133, 440 P.2d 808 (1968).

Defendant next urges that an illegal search was made of his automobile, and that he was identified without being placed in a lineup. Even if his claim of an illegal search be true, no evidence secured thereby was used against him. He pleaded guilty. He cannot be heard to complain under these circumstances. State v. Simien, 78 N.M. 709, 437 P.2d 708 (1968);

State v. Elledge, 78 N.M. 157, 429 P.2d 355 (1967). See also State v. Barton, 79 N.M. 70, 439 P.2d 719 (1968); State v. Brewster, 78 N.M. 760, 438 P.2d 170 (1968); State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967).

■ As to his claim that he was entitled to be identified from a lineup, it is not entirely clear whether he contends his arrest based upon an absence of a lineup violated his rights, or if he claims he was entitled to be identified after his arrest only by being placed in a lineup. If he is contending his arrest was illegal he cannot raise this question by motion under Rule 93. State v. Simien, supra; State v. Ramirez, 78 N.M. 418, 432 P.2d 262 (1967); State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967); State v. Elledge, supra; State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967).

■ If he is contending that after his arrest he had the right to be seen and identified by the victim only in a lineup, then his contention is also without merit. Kennedy v. United States, 122 U.S.App. D.C. 291, 353 F.2d 462 (1965); State v. White, 77 N.M. 488, 424 P.2d 402 (1967).

We are not overlooking the cases of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967), and Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966). However, here the defendant was convicted upon his voluntary plea of guilty, and the decisions in these cases are not applicable to a judgment of conviction entered upon a guilty plea.

He next claims that "he was held incommunicado without benefit of counsel for twenty-one-days and that he was granted counsel only after he signed a waiver of preliminary hearing."

■ The record clearly and conclusively refutes these contentions. When taken before the justice of the peace and advised of the charge, he pleaded guilty, and, except as hereinafter discussed, he makes no contention that this plea was in-

voluntary. He thereby waived his right to a preliminary hearing. State v. Sexton, 78 N.M. 694, 437 P.2d 155 (Ct.App.1968). His subsequent plea of guilty before the district court also constituted a waiver of a preliminary hearing. Silva v. Cox, 351 F.2d 61 (10th Cir. 1965); State v. Darrah, 76 N.M. 671, 417 P.2d 805 (1966); State v. Sexton, supra.

■ The record is silent as to whether or not he was held incommunicado for a time. It could not have been twenty-one days, because the offense was not committed until February 21, no complaint was filed until February 22, and he pleaded guilty and was bound over to the district court on March 7. Even if he were held incommunicado for some time, he makes no claim that this induced his plea of guilty, and it is upon this plea that he stands convicted. Even a delay of twenty-one days before being given a preliminary hearing, absent a showing of prejudice, is no ground for relief. State v. Henry, 78 N.M. 573, 434 P.2d 692 (1967).

His final contention is that "After Petitioner [defendant] was threatened with charges being filed against his wife, if he did not plead guilty to the subject charge, he was taken to court to plead guilty."

■ The allegations fail, except by suggestion, to assert that the claimed threat influenced his plea. Allegations or statements in a motion merely suggestive of the possibility that a plea of guilty was not voluntarily and knowingly made are not sufficient as a basis for a hearing. Nor are vague or conclusional charges sufficient. Williams v. United States, 367 F.2d 143 (5th Cir. 1966); State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967); State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967); State v. Guy, 79 N.M. 128, 440 P. 2d 803 (Ct.App.1968); State v. Sexton, supra.

■ We are of the opinion that for still another reason the defendant must fail

under this claim. A claim in a Rule 93 motion that a coerced plea resulted from some act, verbal or otherwise, which occurred outside the courtroom and under such circumstances that the occurrence would not ordinarily come to the attention of the trial court, and reference thereto would not ordinarily be made a part of the record, does not always entitle a defendant to a hearing. State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967); State v. Robbins, supra; State v. Decker, 79 N.M. 41, 439 P.2d 559 (Ct.App.1968). Even if we were to construe defendant's allegations as constituting a threat by someone in authority that charges would be filed against his wife, unless he pleaded guilty, and that he was thereby induced or influenced to so plead, still he would be entitled to no relief.

 Unless he knew his wife had committed some criminal offense, or at least he had substantial reason to believe she might be convicted of such an offense if so charged, he cannot be heard to say he was coerced into pleading guilty for fear she might be charged. If he knew she was guilty of some criminal offense, or had reason to believe she would be convicted of the offense if charged, and, to save her from being charged, he elected to plead guilty, and thus relieve the State of its burden to prove his guilt, he cannot now claim any right to a reversal of his conviction and sentence after having made this choice and after having become unhappy over his sentence or other subsequent developments.

A very similar claim was made by the petitioner in Kent v. United States, 272 F.2d 795 (1st Cir. 1959). In rejecting the claim without hearing, the court in that case stated:

"* * * Similarly, petitioner recites that his fiancee 'confessed' in writing, and orally acknowledged her confession to him, and that he was told she would be charged as an accessory. We are not prepared to say that it can be coercion to inform a defendant that someone close to him who is guilty of a crime will be brought to book if he does not plead. If a defendant elects to sacrifice himself for such motives, that is his choice, and he cannot reverse it after he is dissatisfied with his sentence, or with other subsequent developments. Cf. Brown v. United States, 5 Cir., 1953, 204 F.2d 298, 300–301, certiorari denied 1954, 346 U.S. 925, 74 S.Ct. 314, 98 L.Ed. 418. Indeed, a contrary ruling would mean that a defendant could equally say that he pleaded guilty to save himself. It is certainly not duress, if the promise is kept, for the government to say it will recommend a lighter sentence if a defendant pleads than it might recommend if he is convicted after trial. Yet, obviously, 'fear' of the greater sentence may induce a plea. Petitioner must show that he was subjected to threats or promises of illegitimate action. Statements that other guilty parties will be prosecuted if he does not plead are not of that description."

Here the record shows: (1) that after waiving his right to counsel in the justice of the peace court, and otherwise being advised of his rights, he pleaded guilty to the charge of armed robbery and was bound over to the district court; (2) that competent counsel was appointed by the district court to represent him; (3) that he wrote the district judge advising that he would like to "plead guilty to the charge of armed robbery"; (4) that at the arraignment proceedings before the district court he was represented by and conferred with counsel; (5) that the information was read to him and he stated that he understood he was charged with armed robbery; (6) that the court then read to him the provisions of § 40A–16–2, N.M.S.A.1953, under which he was charged and which defines armed robbery, and he stated he understood the charges; (7) the court then explained what a second degree felony is and the penalties which would be imposed, and defendant

stated he understood; (8) the court then advised and explained to him his right to a jury trial, and he replied that he didn't want a jury trial; (9) he then answered "No" to questions by the court as to whether anyone had forced him to enter a plea, had threatened him in any way, or had made any promises to him to induce him to plead guilty; (10) he stated that if he entered a plea it "would be free and voluntary on his part," and that he was making his plea "with full knowledge of the consequences or possible consequences" which could follow a plea of guilty; (11) he stated that no one had promised him a suspended sentence or that he would be placed on probation; (12) he was then asked what he thought he was charged with, and he responded, "armed robbery"; (13) he was then asked how he pleaded to the information which charged him with armed robbery and he answered, "guilty"; (14) the court then asked him if he did, "on or about February 21st here in Luna County, rob somebody while armed with a deadly weapon or in company with someone armed with a deadly weapon," and he answered, "Yes, sir"; (15) then the district attorney, at the request of the court, made a statement concerning the place and manner in which the defendant and another committed the armed robbery, including the administration of a blow to the base of the skull of the victim by the defendant with the butt of a sawed-off shotgun used in the perpetration of the robbery and which battery upon the victim inflicted a wound, requiring seventeen stitches in its treatment. When asked by the court if the statement was correct or substantially correct, the defendant answered, "Yes, sir"; (16) the court then announced that the plea was accepted and asked if defendant had anything to say why sentence should not be pronounced. Defendant answered that he did not and stated: "I'm just sorry for having done what I did and I realize it now"; (17) defendant's attorney then announced to the court that from his discussion with defendant he felt that defendant had learned a lesson, regretted his acts, and wished to pay his debts to society; (18) the district attorney then announced that he could not recommend leniency due to the nature of the crime, and stated that he wanted the record to show that he had never before seen the defendant, in order to preclude any claim in a subsequent Rule 93 proceeding that he had made any promises of leniency. Defendant admitted the correctness of the district attorney's statement; and (19) then the court announced what the judgment and sentence would be, and defendant said nothing.

As stated by the Supreme Court of New Mexico in State v. Daniels, 78 N.M. 768, 438 P.2d 512 (1968):

"We know of no better way to ascertain if a plea of guilty is voluntary and is understood by a defendant than for the judge to make inquiry of the pleader before accepting the plea. See Cranford v. Rodriguez, 373 F.2d 22 (10th Cir. 1967)."

We are of the opinion that the trial court did not err in holding the plea was voluntarily and knowingly made.

A motion seeking relief from a plea of guilty, on the ground that the plea was involuntary, shall recite details. Only when the claim of involuntariness is supported by specific allegations must the trial court grant a hearing on the motion.

If upon a hearing a defendant establishes the truth of his claim, the district attorney should carefully consider the facts and determine whether or not anyone guilty of having coerced the confession should be prosecuted for violation of our criminal laws. If upon a hearing the defendant fails to establish the truth of his claim, then the district atorney should carefully consider the facts and determine whether or not the defendant has violated the perjury statutes of the State of New Mexico.

The purpose of Rule 93 is to provide a ready remedy whereby a prisoner in

custody under sentence of the court may be freed from custody upon a proper showing that the sentence was imposed in violation of the Constitution of the United States, or the Constitution or the laws of New Mexico, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. It is not intended as a means whereby prisoners can with complete abandon and contempt demean and burden the courts and legal profession, falsely accuse the law enforcement officials, and impose upon the public great and unnecessary expense. Nor is it intended to be the equivalent of a license to perjure.

The order denying the motion should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.