443 P.2d 511

**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Rex Dallas BAUMGARDNER, Defendant-Appellant.**
**No. 167.**

Court of Appeals of New Mexico.
June 28, 1968.

Ray Hughes, Deming, for defendant-appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SPIESS, Chief Judge.

Defendant has appealed from an order denying without hearing his pro se motion for post conviction relief under Rule 93, § 21–1–1(93), N.M.S.A.1953.

Defendant was convicted upon his plea of guilty of armed robbery in violation of § 40A–16–2, N.M.S.A.1953, and sentenced to serve a term of not less than ten nor more than fifty years in the penitentiary.

Seven points are relied upon for reversal which will be considered and disposed of in the order of their presentation.

Defendant first contends that an issue as to the voluntariness of his plea was raised by his motion and he was entitled to a hearing on such issue. With this contention we do not agree.

■■ We, of course, regard it as fundamental that a guilty plea must be voluntarily made. If it is not so made but is in fact induced by promises or threats then it is void and subject to collateral attack.

It appears from the record that defendant himself informed the court that he wished to plead guilty to the charge. Before accepting the plea the court inquired of defendant as to whether anyone had forced him to. enter a plea to the charge or threatened him in any way, to which inquiry defendant answered "No". Defendant was further asked by the court "If you enter a plea here will it be free and voluntary on your part?" To this inquiry the defendant answered "Yes, sir."

The trial court fully informed defendant as to the consequences, or possible consequences that could follow a plea of guilty to the charge involved.

■ At the time defendant entered his plea and prior thereto he was represented by competent counsel. This record, in our opinion, affirmatively shows that defendant's plea was voluntarily entered. State v. Decker, (Ct.App.) 79 N.M. 41, 439 P.2d 559 (1968); State v. McCain, (Ct.App.) 79 N.M. 197, 441 P.2d 237, decided May 3, 1968.

■ It further appears to us that the facts alleged by defendant in his motion, if established, would not sustain a claim that the plea was coerced. The following is the allegation upon which this relief is sought "After Petitioner (defendant) was threatened with charges being filed against his co-defendant's 17 yr. old wife, if he

did not plead guilty to the subject charge, he was taken to Court to plead guilty." In State v. Hansen, (Ct.App.) 441 P.2d 500, decided May 17, 1968, we held a like allegation to be insufficient.

We have not overlooked the following authorities cited by defendant: Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967); State v. Lobb, 78 N.M. 735, 437 P.2d 1004 (1968); State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967); State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967). In our view these cases are clearly distinguishable and in no way conflict with our conclusion upon this point.

■ Defendant next contends that post conviction relief should be accorded him because he was arrested without a warrant and not taken before a magistrate with all practicable speed. This contention states no ground for relief. Illegality, if any, in defendant's arrest or detention was waived by his guilty plea. State v. Hudman, 78 N.M. 370, 431 P.2d 748 (1967); State v. Decker, supra; State v. Hansen, supra.

■ Defendant's Point 3 is as follows: "The trial court erred in denying appellant's motion filed pursuant to Rule 93 without a hearing on issue raised by motion of an illegal search of car incident to his arrest and his identification without lineup."

By the motion defendant has asserted that a car in which he was riding at the time of his arrest was illegally searched and a gun belonging to another occupant of the car was discovered. Illegal search of the car, if it did occur, would not afford defendant a basis for relief for the reason that no evidence so obtained was used against him. State v. Knight, 78 N.M. 482, 432 P.2d 838 (1967); State v. Hansen, supra.

■ The further assertion of a right to being identified by the robbery victim only through a lineup method is likewise without merit. State v. White, 77 N.M. 488,

424 P.2d 402 (1967); State v. Hansen, supra.

■ Defendant further claims (1) that he was not provided counsel to represent him at critical stages of the proceedings, and (2) that appointed counsel was "incompetent, inadequate and ineffective". Neither contention as alleged merits post conviction relief.

We take it the critical stage to which defendant refers relates to his appearance before the magistrate and to his waiver of preliminary hearing. It appears from the record that upon being brought before the magistrate defendant was advised of his right to counsel and he then expressly waived such right and likewise waived preliminary hearing. In view of such waiver defendant cannot now assert a right to relief in this proceedings on the ground that counsel was not provided for him. State v. Hansen, supra. The record, of course, shows that counsel was appointed for defendant upon his arraignment in the district court and at that time he expressed a willingness to be so represented.

■ The charge that appointed counsel was incompetent, inadequate and ineffective is general in nature. Defendant does not specify in what respect counsel was incompetent, inadequate or ineffective.

The mere allegation of incompetence, inadequacy or inefficiency is not a ground for relief. State v. Crouch, 77 N.M. 657, 427 P.2d 19 (1967); State v. Hansen, supra.

■ Defendant next contends that he was entitled to a hearing "on issue raised by motion of undue influence used to obtain his waiver of preliminary hearing." There is no merit to this point for the reason that defendant's voluntary plea of guilty in the district court constituted a waiver of a preliminary hearing. State v. Hansen, supra.

It is finally contended by defendant that he was entitled to a hearing on "issue raised by motion of no consideration of leniency given him." This contention upon its face is without merit. Leniency in the imposi-

tion of sentence involves a matter of judicial discretion.

In our opinion the trial court correctly concluded that the motion and the files and records of the case conclusively show that defendant is entitled to no relief.

The order denying the motion without hearing should be affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.