444 P.2d 765

**Walter C. GOODWIN, Petitioner-Appellant,**

**v.**

**STATE of New Mexico, Respondent-Appellee.**

**No. 212.**

Court of Appeals of New Mexico.

Aug. 9, 1968.

Mark B. Thompson, III, William W. Bivins, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Moving for post-conviction relief under § 21-1-1(93) N.M.S.A.1953, Goodwin claimed that his guilty plea was involuntary. The motion was denied without a hearing. Goodwin appeals, asserting that he was entitled to a hearing on his motion. We disagree.

■ In asserting that his plea was involuntary, Goodwin claims that he relied on the advice of his counsel. The fact that he did rely on his counsel's advice does not establish that his plea was involuntary, State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967), and does not set forth a basis for post-conviction relief. State v. Raines, 78 N.M. 579, 434 P.2d 698 (Ct.App.1967).

However, Goodwin goes further; he points to the nature of the advice given to him by his counsel. He asserts that counsel " * * * informed petitioner that if he plead [sic] guilty to the armed robbery charge, the state would not pursue the Habitual Criminal Act. * * * "

There is no claim that the District Attorney promised not to invoke the Habitual Criminal Act as in State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967); no claim of threats to induce the guilty plea as in State v. Baumgardner, 79 N.M. 341, 443 P. 2d 511, decided June 28, 1968, and State v. Hansen, 79 N.M. 203, 441 P.2d 500 (Ct. App.1968). There is no claim of an understanding between counsel for the State and the defense as in State v. Miller, 79 N.M. 392, 444 P.2d 577, decided June 10, 1968. Compare State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968) and State v. McCain, 79 N.M. 197, 441 P.2d 237 (Ct.App. 1968).

There simply is no claim that anyone representing the State of New Mexico had anything to do with the statement allegedly made by Goodwin's counsel concerning the habitual criminal law. See State v. Raines, supra. As stated in State v. Knerr, 79 N. M. 133, 440 P.2d 808 (Ct.App.1968):

" * * * no claim is made, and the record fails to show anything which would indicate, that such belief was induced by anything promised or said to him by anyone representing the State of New Mexico. Under these circumstances

he cannot avoid the effect of his guilty plea. * * *"

Absent any claim that anyone representing the State said or did anything to induce the guilty plea, the statement made to Goodwin by his own counsel does not provide a basis for post-conviction relief.

The order denying relief without a hearing is affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.