447 P.2d 281

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Kenneth BRYANT, Defendant-Appellant.**

**No. 190.**

Court of Appeals of New Mexico.

Sept. 27, 1968.

Certiorari Denied Nov. 19, 1968.

Duane C. Gilkey, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

This is an appeal from an order dismissing without hearing defendant's motion under Rule 93 [§ 21–1–1(93), N.M.S.A. 1953 (Supp.1967)].

He and four co-defendants were informed against on November 25, 1957, under three separate counts of armed robbery. On the same day he and two of his co-defendants appeared in district court for arraignment. Their attorney was present at all times during the arraignment and sentencing proceedings which followed.

Each count of the information was read by the assistant district attorney and each of the defendants pleaded guilty thereto. Thereafter, the three defendants answered, "No, sir" to the following questions:

"Has anyone in authority promised you anything to get you to plead guilty to these three counts of the information?

"Has anyone in authority used any threats, force or coercion on you to get you to plead guilty to these three counts of the Information?"

They then answered. "Yes, sir" to the following question:

"Is this guilty plea to these three counts of the Information entered freely and voluntarily after consultation with your attorney, Mr. Cotter?"

The court then asked the assistant district attorney about the facts of the case. The acts constituting the crimes were outlined to the court. Neither the defendants nor their attorney in any way disputed any of the stated facts concerning the commission of the crimes.

The court then made inquiry of each defendant as to where he was from, his age,

marital status, and previous difficulties with the law. The court asked defendant Bryant about an injury to his eye, which he advised the court he had received in a fight about eight weeks prior thereto. He was asked whether or not he was receiving medical attention, and whether or not he was being treated well by the sheriff's office. He advised the court that the sheriff's office had taken care of his medical needs, and that he was being treated "pretty good."

The attorney then suggested to the court that defendant Bryant should be given consideration, since he understood from this defendant and from the "rap sheet" that this defendant's prior difficulty with the law had been a juvenile offense.

The court then made further inquiries concerning the criminal records of the defendants, before imposing on each a sentence of three to twenty-five years imprisonment in the penitentiary on each count of the information, with the sentences to run concurrently.

At no time was it even suggested that Defendant Bryant was not fully advised and informed as to the nature of the charges against him; that he failed in any way to understand the nature of these charges or the claimed criminal acts committed by him upon which the charges were based; or that his guilty pleas were not voluntarily made. In fact, as above stated, he announced that his plea to each count was entered freely and voluntarily after consultation with his counsel.

Defendant contends his convictions, entered upon his guilty pleas almost eleven years ago, are void because:

(1) He was incarcerated on November 20, 1957, and, without being advised of his rights to remain silent and to be furnished with counsel, he was subjected to a thorough and intensive interrogation which prejudiced his defense against the charges.

(2) That on November 20, 1957, he asked the sheriff when bail would be set and was told "he did not need bail nor would bail be set."

(3) That he was never advised, at any time, of his constitutional right to be afforded a preliminary hearing with assistance of counsel upon the three separate charges of armed robbery, nor was a preliminary hearing afforded him.

(4) That at no time during his incarceration did he see or consult with his court-appointed attorney; that the first time he saw the attorney was during the arraignment and sentencing proceedings; that he was told by one of his co-defendants "that he * * * must plead guilty to (1) one count of armed robbery, * * * or face a stiffer penalty;" and that he was advised by one of his co-defendants that he "must go along with court appointed counsel * * * to keep his bargaining with [the] District Attorney."

Defendant states in his brief:

" * * * the essence of his argument is that he was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and as a direct result of such denial his pleas of guilty to each of the three counts of armed robbery was involuntary."

Defendant concedes that the Supreme Court of New Mexico and this court in prior decisions have held that a voluntary plea of guilty constitutes an effective and binding waiver of all prior constitutional defects in the proceedings. However, he seeks to avoid the effect of these prior decisions by contending that his pleas of guilty were not voluntary, because he did not have effective assistance of counsel and his pleas were not entered after proper advice of counsel.

■ He must fail under his first contention that he was not advised of his right to counsel and to remain silent, and that he was subjected to a thorough and intensive interrogation which prejudiced his defense against the charges. The mere failure of the police to advise him of his rights to counsel and to remain silent, without any showing of prejudice, constitutes no basis for relief. Christie v. Ninth

Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); State v. Selgado, 78 N.M. 165, 429 P.2d 363 (1967). There is nothing in the record or alleged as to what he may have told the police. In any event, nothing he said was ever used against him or prejudiced his defense, because he offered no defense. He pleaded guilty.

■ His second and third contentions, like the first, are without merit. The claimed irregularities were waived, if his pleas of guilty were voluntarily made. See State v. Helm, 79 N.M. 305, 442 P.2d 795 (1968); State v. Brewster, 78 N.M. 760, 438 P.2d 170 (1968); Christie v. Ninth Judicial District, supra; see also State v. Marquez, 79 N.M. 6, 438 P.2d 890 (1968); State v. Decker, 79 N.M. 41, 439 P.2d 559 (Ct.App.1968). The record before us shows he advised the court that his pleas were being made voluntarily, that he at no time claimed or claims that he did not commit the criminal acts out of which arose the charges to which he pleaded guilty; and that he at no time claimed or claims he did not understand the nature of the charges or the effect of his guilty pleas thereto. As stated in State v. Daniels, 78 N.M. 768, 438 P.2d 512 (1968):

> "We know of no better way to ascertain if a plea of guilty is voluntary and is understood by a defendant than for the judge to make inquiry of the pleader before accepting the plea."

■ Since we have already concluded that defendant's first three grounds are without merit, the order denying defendant's motion must be affirmed, unless, as urged upon us, it can be said that the record fails to conclusively show that his pleas were voluntarily made, because of his claimed denial of effective assistance of counsel. The record shows he was represented by a court-appointed attorney at the time of his arraignment and the entry of his pleas. There is nothing to indicate that either the defendant or his attorney required, requested or even suggested a need for additional time to confer before pleading to the charges. There is no claim made that any additional conference between defendant and his counsel would have resulted in pleas of not guilty, or that pleas of not guilty could possibly have changed the result. As above stated, he does not contend that he did not understand the nature of the charges, the effect of his guilty pleas thereto, or that any of the facts, related by the assistant district attorney to the court in the presence of defendant and his attorney concerning defendant's commission of the crimes, are not true.

Under these circumstances, we are of the opinion that the prior decisions of our Supreme Court and of this court compel a holding that defendant must fail in his claim that his pleas were involuntary, because of ineffective assistance of counsel. See State v. Marquez, supra; State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct.App.1968); State v. Brusenhan, 78 N.M. 764, 438 P.2d 174 (Ct.App.1968).

Nothing said in State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968) compels a different result in the present case. The Supreme Court in the Reece case reached a result different from that we here reach, because, as stated in the opinion in that case:

> "It should be evident that among claims made by petitioner are several concerning occurrences outside the record which, if true, would be grounds for vacating his sentence, and that these assertions could not be resolved without a hearing. * * *"

The order dismissing defendant's motion should be affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.