473 P.2d 372

STATE of New Mexico, Plaintiff-Appellee,

v.

Jimmy Lee WHEELER, Defendant-Appellant.

No. 491.

Court of Appeals of New Mexico.

July 17, 1970.

C. Fincher Neal, Neal & Neal, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., William J. Torrington, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant pled guilty and was sentenced to not less than one nor more than five years in the penitentiary. He moved for postconviction relief. Section 21–1–1(93), N.M.S.A.1953 (Supp.1969). He claimed that he had been promised a sentence of approximately ninety days if he plead guilty. His motion was denied; he appeals.

Generally, a guilty plea induced by a promise is void. State v. Baumgardner, 79 N.M. 341, 443 P.2d 511 (Ct.App. 1968). Here, however, there is no claim of plea bargaining, as in State v. Ortiz, 77 N.M. 751, 427 P.2d 264 (1967). Defendant claims only that his court appointed counsel made the promise. Although court appointed counsel is a responsible official in New Mexico's system of criminal justice, his duty is to represent his client. State v. Gorton, 79 N.M. 775, 449 P.2d 791 (Ct. App.1969). Thus, it is doubtful that the alleged promise by counsel can be considered to have been made by anyone representing the State of New Mexico. See State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct.App.1968). Defendant's claim, then, may be no more than a claim that he pled guilty upon the advice of his own counsel. If so, it stated no basis for relief. Goodwin v. State, 79 N.M. 438, 444 P.2d 765 (Ct.App.1968). We assume, but do not decide, that the promise alleged to have been

made by defendant's court appointed counsel states a basis for postconviction relief.

Even with that assumption, defendant is not entitled to relief for two reasons.

1. The trial court conducted a hearing, heard evidence and found defendant "* * * was not promised or even told by his attorney * * * that if he would plead guilty he would be assessed a penalty of only 90 days. * * *" This finding is not attacked; it is conclusive on appeal. State v. Thompson, 80 N.M. 134, 452 P.2d 468 (1969); State v. Garcia, 80 N.M. 21, 450 P.2d 621 (1969).

2. The evidence concerning the alleged promise is conflicting. Nevertheless, there is substantial evidence (the attorney's testimony) which supports the finding. Being supported by substantial evidence, the finding is conclusive on appeal. State v. Byrd, 80 N.M. 517, 458 P.2d 592 (1969); State v. Johnson, 81 N.M. 318, 466 P.2d 884 (Ct.App.1970).

The order denying relief is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.