**Julius Dwaine PERRY, Sr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19102.**

United States Court of Appeals
Ninth Circuit.

May 25, 1964.

Julius Dwaine Perry, Sr., in pro. per.
Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief,

Criminal Section, A. Robert Throckmorton, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before JERTBERG, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

1. Appellant, an indigent prisoner acting without the aid of counsel, petitioned for a writ of coram nobis, alleging that his guilty plea had been coerced. The district court dismissed the petition without reaching the merits, holding that the appropriate procedure was by way of motion under 28 U.S.C.A. § 2255. With this we agree. However, as we held in Smith v. United States, 309 F.2d 165, 166 (9th Cir.1962), the label which the prisoner attaches to his papers is to be disregarded. Appellant's application is to be treated as if it were a section 2255 motion.

2. A prior section 2255 motion raising the coerced-plea issue was dismissed without a hearing on the ground that the record in the proceeding in which appellant was convicted conclusively established that appellant was entitled to no relief. The court relied upon the presence in the record of a mimeographed form titled "Petition to Enter Plea of Guilty." This form, apparently signed by appellant prior to his plea, contained the statement that the plea was offered "freely and voluntarily and of my own accord." Appellant in his present motion alleges matters outside of the record indicating that his plea was in fact coerced. His prior declaration to the contrary may be relevant in determining the existence of coercion, but it can scarcely be conclusive. Since factual issues are raised by appellant's allegations, an evidentiary hearing must be held in the sentencing court. Sanders v. United States, 373 U.S. 1, 16–17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

Reversed and remanded.