439 P.2d 230

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert BYRD, Defendant-Appellant.**

**No. 8443.**

Supreme Court of New Mexico.

April 1, 1968.

**14**

Robert E. Sabin, Roswell, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge, Court of Appeals.

This appeal is from an order denying without hearing a motion filed pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A.1953 (Supp.1967)], whereby defendant sought vacation of the judgment and sentence entered upon his plea of guilty to the crime of larceny.

Defendant was charged on July 19, 1966 with two offenses. The first was that of

robbery, which is punishable by imprisonment in the State Penitentiary for a term of not less than ten years nor more than fifty years, or by fine of not more than $10,000, or by both such imprisonment and fine. The second was that of larceny, which is punishable by imprisonment in the State Penitentiary for a period of not less than one year nor more than five years, or by fine of not more than $5,000, or by both such imprisonment and fine.

On the same day, July 19, 1966, he appeared before a justice of the peace and was advised of his rights. On the following day a competent and experienced attorney was appointed to represent him.

On August 4, 1966, defendant's attorney petitioned the district court for an order directing that "defendant be examined by a psychiatrist to determine whether or not he was criminally insane at the time of the commission of the crime of which he is accused and likewise, whether he is at the present time criminally insane."

On the same day the parties, by their respective attorneys, stipulated that a hearing on this motion might be waived and that the trial court might enter an order forthwith. The court, by order entered the same day, committed defendant to the New Mexico State Hospital for psychiatric examination. It was further ordered that defendant should be returned to the custody of the sheriff of Chaves County, should the psychiatric findings be negative.

Defendant was admitted to the New Mexico State Hospital on August 5, 1966, and under date of August 24, 1966, a report by the treatment team of medical doctors was submitted to the court. The recommendation of the team was that defendant be discharged from the hospital and returned to face the charges against him. They found him to be "competent and fully employable," and able to conduct and cooperate in his own defense, but that he did have a personality trait disturbance.

On September 2, 1966, defendant and his attorney appeared before the justice of the peace. A plea of not guilty was entered

to both charges and a preliminary hearing was conducted. He was bound over for action of the district court.

He was arraigned before the district court on September 6, 1966, and entered pleas of not guilty. On September 26, 1966, he appeared before the court with his attorney and announced that he desired to withdraw his plea of not guilty and enter a plea of guilty to the charge of larceny. The plea was accepted by the court after questioning, and after the court was assured by plaintiff and his attorney that plaintiff was acting voluntarily, that he understood the effect of his plea, and that he was in fact guilty of the charge. The State then moved to dismiss the charge of robbery. The motion was granted. The statutory sentence for the larceny was then imposed.

By his Rule 93 motion he claims that: (1) he was neither arraigned nor had bond set within the time required by New Mexico law; (2) he was denied effective assistance of counsel; (3) certain procedural errors occurred during the preliminary examination; (4) he was never properly identified as the person committing the offense; (5) he was subjected to an illegal search and seizure; (6) he was coerced into entering a plea of guilty by the sheriff, who held him in solitary confinement; and (7) he was "not satisfied over the question of his sanity."

As to his first five grounds, the record fails to support him and he does not now urge any of these grounds upon us.

Defendant first urges upon this court, as ground for reversal, the fact that the trial court denied, without hearing, his contention that he was coerced by the sheriff into entering a plea of guilty by being held in solitary confinement.

■ The trial court found against defendant's contention on the ground that by his plea of guilty he waived each and all of the alleged errors set forth in his motion. If the guilty plea was in fact voluntarily made, then all irregularities occurring prior to the entry of the plea were waived.

Christie v. Ninth Judicial District, 78 N.M. 469, 432 P.2d 825 (1967); Gallegos v. Cox, 358 F.2d 703 (10th Cir. 1966).

■ However, the very question here presented by the claim of coercion is that of voluntariness of the plea. If a plea be induced by promises or threats, it is void and subject to collateral attack. State v. Tipton, 78 N.M. 600, 435 P.2d 430 (1967); State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967); State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967).

■ Defendant was represented by competent counsel, who consulted with defendant in considerable detail before asking leave of the court, at defendant's request, to withdraw the prior plea of not guilty. These facts strongly suggest that the plea was made voluntarily. See State v. Lattin, 78 N.M. 49, 428 P.2d 23 (1967); Lattin v. Cox, 355 F.2d 397 (10th Cir. 1966). Also strongly persuasive of the voluntariness of the plea are the responses made by defendant himself to the court's inquiries concerning his desires relative to the change of his plea, the nature of the property taken by him, and his willingness to waive a presentencing report.

■ These circumstances are not only strongly suggestive and persuasive of the voluntariness of the plea, but upon a hearing would constitute sufficient support for a finding and determination that the plea was voluntarily made. However, we are of the opinion that they are not such that the trial court, in the face of the claim of coercion, and without considering what defendant may offer in support of that claim, can properly say they conclusively show that defendant's plea was voluntarily made. Compare State v. Buchanan, 78 N.M. 588, 435 P.2d 207 (1967); Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L. Ed.2d 473 (1962); Perry v. United States, 332 F.2d 369 (9th Cir. 1964); Romero v. United States, 327 F.2d 711 (5th Cir. 1964). The claimed coercion by the sheriff is not a matter which would necessarily come to the attention of defendant's attorney, and it is not reflected by the record. Such or-

dinarily would not be so reflected until a judicial inquiry into the matter has been conducted and a record thereof made. Until such an inquiry has been conducted in accordance with the procedures prescribed by Rule 93, the merits of the claim cannot be determined.

■ We do not mean to suggest that a petitioner must always be allowed to appear at the hearing, even though the record fails to conclusively show that he is not entitled to relief. See State v. Buchanan, supra; Machibroda v. United States, supra; Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The burden will be on defendant at the hearing to prove that his plea was coerced as he claims and that it was not voluntarily made. Estep v. United States, 251 F.2d 579 (5th Cir. 1958); United States v. Trumblay, 234 F.2d 273 (7th Cir. 1956); State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967).

■ Defendant's seventh ground asserted in support of his motion, which is set forth above, also goes to the question of whether or not his plea of guilty was voluntarily made. Unless a defendant has the capacity to know and understand the nature and effect of his plea, he is incapable of entering a voluntary plea. Here he has stated in his motion, which he apparently drafted by himself, that he is "not satisfied over the question of his sanity." In his brief before us he urges that by this language he raised the question of his mental competency at the time of the entry of the plea. We shall so consider it.

■ Defendant's request for psychiatric examination was granted. He was examined and evaluated, and the medical team which conducted the examination concluded that he was "competent and fully employable," and that he "was not criminally insane at the time of the commission of the crime of which he is accused and that he is able to conduct and/or cooperate in his own defense." The doctors did, as above stated, diagnose a personality trait disturbance, but this diagnosis did not, in the opinion of the team, as already stated, render him incompetent or insane.

Defendant, by his counsel, not only requested the examination, but approved the order of the court committing him to the New Mexico State Hospital for examination and commanding his return to the custody of the sheriff of Chaves County should the psychiatric findings be negative. He was furnished a copy of the report of examination, a copy of which was placed in the record, and he was returned to the sheriff to stand trial. Thereafter he changed his plea to the lesser charge from not-guilty to guilty, and the greater or more serious charge was dismissed.

A somewhat similar state of facts was presented and a like claim urged upon us in State v. Walburt, 78 N.M. 605, 435 P.2d 435 (1967). What was stated in that case applies to the facts in the present case. We there stated:

"* * * Based upon that medical report, [report of psychiatric examination by a psychiatrist employed by defendant] the trial court accepted the defendant's change of plea from not guilty and not guilty by reason of insanity to a plea of guilty to one count of the information and a dismissal by the prosecution of the other count. The examination by that psychiatrist suffices. Under such circumstances, the State has no duty by constitutional mandate to furnish additional mental examinations. See United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549."

It follows from what has been said that the order denying defendant's motion must be reversed and he must be given a hearing only on his claim that he was coerced by the sheriff into entering a plea of guilty.

It is so ordered.

NOBLE and COMPTON, JJ., concur.