458 P.2d 814

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Daniel Joseph MAIMONA, Defendant-Appellant.**

**No. 293.**

Court of Appeals of New Mexico.

Aug. 29, 1969.

William W. Head, Jr., Denny, Glascock & McKim, Gallup, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for appellee.

OPINION

HENDLEY, Judge.

This is an appeal from an order denying, without hearing, defendant's motion pursuant to Rule 93 [§ 21–1–1(93), N.M.S.A. 1953 (Supp.1967)], in which defendant sought to vacate judgment and sentence entered subsequent to his guilty plea to the crime of robbery.

On December 20, 1966, defendant appeared in person and without counsel before a justice of the peace. Advised of his rights in court, defendant entered a plea of not guilty and requested counsel. Ten days later, no counsel having been appointed, defendant waived counsel and preliminary hearing, and entered a plea of guilty.

The record does not disclose what happened in the interval but on February 2, 1967 an attorney was appointed to represent defendant and on February 23, 1967 a preliminary hearing was held and defendant was bound over to the district court. We can only assume that defendant changed his plea to not guilty in light of the preliminary hearing.

On March 22, 1967, in the presence of court appointed counsel, defendant was convicted by the District Court of McKinley County upon his plea of guilty to the charge of violating § 40A–16–2, N.M. S.A.1953 (Repl.Vol. 6). Sentence was entered on March 27, 1967; an amended judgment and sentence were entered September 19, 1967.

Defendant filed a layman's motion to vacate sentence under Rule 93 on August 8, 1968. The motion was denied without hearing on August 12, 1968.

By his Rule 93 motion defendant claims that his restraint was illegal and unconstitutional in that (1) when he was arrested and held in jail he was not informed of his right to a preliminary hearing; (2) when he was formally charged with a crime he was deprived of counsel; (3) while detained he was not allowed to make a phone call or communicate with anyone who could aid him with his defense after he was formally charged; (4) he was deceived and coerced into making his guilty plea by the prosecution; and (5) while being merely accused and detained in jail he was treated with cruel and unusual treatment by those in the sheriff's department in Gallup.

 As to the first three of his claims this court has held that a voluntary plea of guilty waives the right to preliminary hearing, right to counsel and the right to aid with defense. His claim that he was denied the use of a telephone was not ground for relief, absent some showing of prejudice. State v. Bryant, 79 N.M. 620, 447 P.2d 281 (Ct.App.1968), cert. denied, 79 N.M. 688, 448 P.2d 489 (1968); State v. Knerr, 79 N.M. 133, 440 P.2d 808 (Ct.

App.1968). Besides, the record conclusively shows that defendant was granted preliminary hearing and counsel was appointed to aid with his defense.

Defendant was represented by competent counsel at the arraignment and plea of guilty. The court interrogated both defendant and his counsel as to the voluntariness of the plea. All questions were affirmatively answered. These facts strongly suggest that the plea was made voluntarily. State v. Byrd, 79 N.M. 13, 439 P.2d 230 (1968).

 The foregoing circumstance would constitute sufficient support for a finding and determination that the plea was voluntarily made. However, in the face of the claim of coercion and without considering what defendant may offer in support thereof or in support of the claim of cruel and unusual treatment, we cannot say it conclusively shows that defendant's plea was voluntarily made. State v. Byrd, supra.

Until inquiry has been made into these claims (which are claims outside of the record, State v. Reece, 79 N.M. 142, 441 P.2d 40 (1968)) by the trial court, the merits of the claims cannot be determined.

Nothing in this opinion is contrary to State v. Archie, 78 N.M. 443, 432 P.2d 408 (1967), nor State v. Williams, 78 N.M. 431, 432 P.2d 396 (1967). Differing from the facts in the *Archie* case the allegations here were not raised and decided at a hearing nor was there an obvious compromise guilty plea that would suggest voluntariness. The grounds raised here are different in kind from the allegations in State v. Williams, supra.

The order denying defendant's motion must be reversed and he must be given a hearing on his claim of cruel and unusual treatment by the sheriff's department and on his claim that he was deceived and coerced into making his guilty plea by the prosecution.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.