468 P.2d 878

Harry ROMAN, Plaintiff-Appellant,

v.

STATE of New Mexico, Defendant-Appellee.

No. 424.

Court of Appeals of New Mexico.

April 17, 1970.

Don Hancock, Alamogordo, for plaintiff-appellant.

James A. Maloney, Atty. Gen., Santa Fe, Justin Reid, Asst. Atty. Gen., for defendant-appellee.

## OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1969) raised two issues: (1) he was not competent to stand trial, and (2) his guilty plea was involuntary.

*Competency to stand trial.*

Defendant pleaded guilty to assault with intent to commit a violent felony. Section 40A–3–3, N.M.S.A.1953 (Repl.Vol. 6). According to the record, the offense was committed May 15, 1967. A police officer's affidavit stated the defendant entered a grocery store and, without a word being spoken, pulled a pistol and shot the victim. The record indicates an El Paso doctor examined the defendant twice and was " * * of the opinion that further tests, evaluations and/or treatment are necessitated;" that the trial court was aware that defendant had "escaped jail, violently;" that defendant was confined in a padded cell because of his propensity for violence; and that defendant's attorney had requested a mental examination. All this apparently happened after the date of the crime but before July 18, 1967.

Defendant was ordered committed " * * to the New Mexico State Penitentiary, at Santa Fe, New Mexico, for safekeeping for an indeterminate period while tests, evaluations and/or treatment are made and administered by the Staff of the New Mexico State Hospital, of Las Vegas, New Mexico."

The record does not show the results of the tests and evaluations at the State Hospital. On September 26, 1967, an order was entered for the return of defendant to the Otero County Jail " * * * in order that this cause may proceed. * * *" On October 11, 1967, the original criminal complaint was amended to state a lesser charge; defendant pleaded guilty to the lesser charge on October 11, 1967.

In the proceedings at which the guilty plea was accepted, counsel stated that defendant wanted to understand "why" the events [the crime] had taken place, wanted to " * * * receive the care indicated to be forthcoming * * *", and wanted to combat his double personality. Also at these proceedings, defendant asked the court if he would get psychiatric treatment at Las Vegas. The court stated: "No. It will be done while you are in the penitentiary * * *."

In accepting the guilty plea and sentencing the defendant, the court ordered that he undergo psychiatric treatment and any other treatment deemed necessary by the staff of the State Hospital at Las Vegas, New Mexico.

All of the foregoing appears from the record before us. Instead of conclusively showing that defendant was not entitled to relief, this record demonstrates that defendant was entitled to an evidentiary hearing on his claim that he was not competent to stand trial. State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968).

### Involuntary guilty plea.

In his motion defendant claims his guilty plea " * * * was induced by the promise that if he pleaded guilty, he would be sent to the State Hospital for a year. * * * " Since this is a claim outside the record, it could not be conclusively determined by the files and records of the case. State v. Byrd, 79 N.M. 13, 439 P.2d 230 (1968).

Defendant's claim also alleges physical abuse of defendant by the Assistant District Attorney and the denial of his request for a jury trial.

At the proceedings where the guilty plea was entered, and in response to the court's question, defendant indicated that "Joe" Payne had threatened him [the Assistant District Attorney was Bill G. Payne] then stated "I take that back." He indicated that the District Attorney's office had made promises to him to induce the guilty plea. He then refused to answer any more questions including the question as to whether his plea was voluntary.

The court called a recess and instructed counsel to confer with defendant. Before the judge left the bench, defendant stated that he wanted a preliminary hearing and a jury trial.

After about a ten minute recess, defendant denied any promises had been made to him. While denying that he wished to plead guilty, he indicated that in fact he was guilty, that he knew the consequences of his plea and was satisfied with the advice of counsel.

The foregoing record certainly does not conclusively establish that defendant's plea was voluntary. See State v. Reece, 79 N. M. 142, 441 P.2d 40 (1968); State v.

Maimona, 80 N.M. 562, 458 P.2d 814 (Ct. App.1969).

Unless the motion and the files and records of the case conclusively show the prisoner is not entitled to relief, the prisoner is to be accorded an evidentiary hearing on his motion. Section 21–1–1(93), supra. The trial court erroneously determined that defendant was not entitled to an evidentiary hearing on his motion.

The order denying relief without a hearing is reversed. The cause is remanded with instructions to promptly grant defendant an evidentiary hearing at which he is represented by counsel. State v. Reece, supra.

It is so ordered.

OMAN and HENDLEY, JJ., concur.