811 P.2d 83

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Gary BEARLY, Defendant–Appellant.**

**No. 12240.**

Court of Appeals of New Mexico.

March 7, 1991.

Herb Kraus, Jennie Deden Behles, J.D., P.A., Albuquerque, for defendant-appellant.

Tom Udall, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HARTZ, Judge.

Defendant was convicted of driving while intoxicated and of failure to maintain a traffic lane. He contends that he was denied his constitutional right to counsel, was denied his statutory right to make telephone calls after his incarceration, and was denied statutory and constitutional rights relating to release on bond. He argues that his convictions should be reversed because the violation of these rights caused him not to obtain a blood-alcohol test that could have been used in his defense.

We dispose of two matters summarily. First, because defendant fails to show, or even contend, that any of the alleged violations of his rights prejudiced the defense of the charge of failure to maintain a traffic lane, we affirm that conviction. Second, we reject the claim of denial of right to counsel because, as defendant acknowledges, recognition of that claim would require overruling our decision in *State v. Sandoval*, 101 N.M. 399, 683 P.2d 516 (Ct. App.1984). We will not revisit *Sandoval*, particularly since it does not appear that defendant preserved the issue below.

We hold that defendant's statutory right to make telephone calls was violated and remand for further findings and conclusions with respect to prejudice. For reasons stated below, we find it unnecessary to resolve the contentions relating to release on bond.

## 1. BACKGROUND

NMSA 1978, Section 31–1–5(A) (Repl. Pamp.1984) provides:

> Following arrest, any person accused of a crime is entitled to have reasonable opportunity to make three telephone calls beginning not later than twenty minutes after the time of arrival at a police station, sheriff's office or other place of detention. Nothing in this subsection limits any right to make telephone calls at any time later than twenty minutes after the time of arrival at the police station.

We must determine whether defendant's statutory right was violated in this case and whether that violation justifies setting aside his conviction.

The procedural posture of this case is peculiar. The transcript of the district court proceedings is not before the court. We have only the district court's findings of fact and conclusions of law. The district court adopted as findings all but one of the factual allegations contained in defendant's motion to dismiss. The pertinent findings adopted from the allegations were:

1. That the defendant was arrested at 8:57 PM, and took a breath test at 9:26 PM.

\* \* \* \* \* \*

5. That the defendant was processed in the Bernalillo County Detention Center at 11:00 PM.

\* \* \* \* \* \*

7. That at approximately 11:30 PM, December 31, 1988, the defendant was allowed access to a telephone.

8. That upon receiving access to a telephone, the defendant attempted to place a telephone call but all "outside" lines were busy.

9. That upon informing the jail attendant that he could not reach an outside line to place his call he was told he would receive a call later and was denied access to a telephone until 10:00 AM the next morning, after arraignment.

\* \* \* \* \* \*

25. That the gravamen of the offense, alcohol content of the blood, quickly dissipates and as a result thereof the defendant has been prejudiced by his deprivation of an ability to obtain an accurate blood alcohol level on his own to refute the state's contention or to consult with an attorney to advise him concerning such.

26. That the denial of the use of a telephone, within 20 minutes of arrival at the BAT Mobile, the place of detention or, alternatively if not the place of detention, for failure to take the accused to the nearest available judge without unnecessary delay (the ROR persons at the jail), or to provide an outside telephone line at the jail, is a deprivation of his right to three telephone calls and thus denied the accused access to material evidence, an independent blood-alcohol level test or advice concerning such, and denied the accused his right to confer with an attorney and the accused was prejudiced therefrom as any alcohol test administered at a time when he did receive access to a telephone or release would be of no evidentiary value.

The district court also made two additional findings of its own. The one pertinent to this appeal was: "That the Defendant was attempting to call an attorney at 11:30 p.m. on December 31, 1988." The district court's two conclusions of law were:

1. That the Defendant's constitutional, statutory or procedural rights were not violated.

2. That if the Defendant's constitutional, statutory or procedural rights were violated no prejudice has been shown therefrom.[1]

## 2. VIOLATION OF THE STATUTE

■ The state contends that the statute was not violated because defendant was

---

1. The state contends that defendant has waived any challenge to his conviction because these findings and conclusions were submitted by defendant's attorney. We reject the contention. Defense counsel obviously was simply attempting to prepare a pleading to conform to what the district court had ruled. Such an effort to assist the court should not be deemed a waiver.

given a reasonable opportunity to make his telephone calls: he was given access to a telephone shortly after he was processed in the detention center. Insofar as the state is contending that the statutory right to a "reasonable opportunity" does not constitute a guarantee that a telephone will in every instance be available, we agree. The statutory words "reasonable opportunity" mean that consideration must be given to such factors as an excessive demand for telephones, service problems with the telephones, or even special circumstances that make staff unavailable to attend to prisoners wishing to make telephone calls.

■ We do not agree, however, that if an opportunity to place a call fails for one of those reasons, then no further effort by the state is required. The statute speaks of a reasonable opportunity "beginning not later than twenty minutes after the time of arrival at a * * * place of detention." The language does not suggest that reasonable efforts may *end* after twenty minutes.

The district court found that defendant "was denied access to a telephone until 10:00 AM the next morning." Once a defendant proves that he has been denied access to a telephone for such an extended period of time, the state bears the burden of proving a reasonable basis for the denial. Perhaps in this case there were reasonable grounds—grounds that would establish that detention personnel complied with Section 31–1–5. Yet there are no findings to that effect. In the absence of such findings, the district court was required to conclude that the denial to defendant of access to a telephone from 11:30 p.m. to 10:00 a.m. violated Section 31–1–5.

3. PREJUDICE

■ Violation of a defendant's rights under Section 31–1–5 does not in itself require setting aside the conviction on the charge for which the defendant was held. New Mexico law is settled that prejudice is the key consideration in determining whether a defendant's conviction should be set aside on the ground that the defendant had been improperly held incommunicado. *See State v. Gibby*, 78 N.M. 414, 418, 432

P.2d 258, 262 (1967) (refusal to permit accused forger to use telephone); *State v. Maimona*, 80 N.M. 562, 458 P.2d 814 (Ct. App.1969) (accused robber not allowed to make phone call or communicate with anyone who could aid him with his defense); *State v. Flores*, 79 N.M. 412, 444 P.2d 597 (Ct.App.1968) (accused murderer held incommunicado for eight days following arrest); *State v. Knerr*, 79 N.M. 133, 440 P.2d 808 (Ct.App.1968) (accused robber refused access to telephone for thirteen days prior to arraignment). A defendant is prejudiced only if earlier access to communication would have resulted in the acquisition of evidence that would have gained the defendant dismissal of the charge or acquittal at trial. As the facts in the cited cases illustrate, temporary denial of the defendant's access to communication ordinarily does not prejudice the defendant's ability to defend against the charge.

Of course, on occasion there may be prejudice. Indeed, the possibility of prejudice is very real when one of the elements of the alleged offense is intoxication. As noted in the district court's findings, evidence of intoxication dissipates quickly. Denying a defendant access to a telephone for an extended period of time could eliminate the defendant's best opportunity to obtain evidence contradicting a charge of intoxication. Here, defendant never requested an independent blood-alcohol test, but he argues that if he had been able to get through to his attorney, the attorney would have demanded a blood-alcohol test, which could have exonerated defendant.

■ Defendant contends that the loss of this opportunity suffices to require reversal. He relies on *State v. Hill*, 277 N.C. 547, 178 S.E.2d 462 (1971) which, in the context of a similar denial of an opportunity to obtain evidence regarding intoxication, noted: "[T]o say that the denial was not prejudicial is to assume that which is incapable of proof." *Id.* at 554, 178 S.E.2d at 466. *Hill*'s response to the problem was to hold that the defendant need not prove prejudice from the denial. In light of our precedents requiring prejudice, to follow *Hill* would be to *presume* prejudice.

Such a presumption is not founded on experience. Defendant has not suggested that those, like himself, who have had incriminating breath tests for blood-alcohol content are usually exonerated by blood tests. On the contrary, breath testing is generally regarded as highly reliable. *See California v. Trombetta*, 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984) (referring to the extremely low probability that preserved breath samples would have been exculpatory after an incriminatory breath test); *Arizona v. Youngblood*, 488 U.S. 51, 61, 67, 109 S.Ct. 333, 339, 342, 102 L.Ed.2d 281 (1988) (Blackmun, J., dissenting) (breath-testing device is "highly accurate and reliable").

Thus, we will not presume the existence of the prejudice required by New Mexico precedents. We need not decide at this time, on this record, what proof of prejudice is required, except to say that defendant must show at least a substantial threat of prejudice, *see United States v. Morrison*, 449 U.S. 361, 365, 101 S.Ct. 665, 668, 66 L.Ed.2d 564 (1981) (dismissal for violation of constitutional right to counsel is inappropriate "absent demonstrable prejudice, or substantial threat thereof"),[2] and that such a showing might be based solely on proof that the denial of defendant's reasonable opportunity to make a phone call was a bad-faith effort of the state to prejudice defendant's defense. Such bad-faith misconduct itself "indicate[s] that the [unavailable] evidence could form a basis for exonerating the defendant," *Arizona v. Youngblood*, 488 U.S. at 58, 109 S.Ct. at 337. Dismissal in that circumstance can also serve the public policy of deterring bad-faith misconduct.

We must remand for further proceedings to determine whether defendant made an adequate showing of prejudice. The limited record on appeal contains no evidence, leaving us only with findings of the district court. Those findings appear to contradict the court's conclusions: Paragraphs 25 and 26 of defendant's motion to dismiss, which were adopted by the district court, suggest that the district court found prejudice. Conclusion of Law No. 2, on the other hand, states that there was no prejudice. On remand the district court should reconcile its findings and conclusions, expanding upon them as necessary. No new evidentiary hearing is necessary. We see no unfairness to either party in requiring the determination to be made by the district court on the prior evidentiary record, because defendant's motion establishes that both parties were on notice of the issue of prejudice.

### 4. CONTENTIONS RELATING TO RELEASE ON BOND

Defendant contends that his constitutional and statutory rights were violated because on the night of his arrest—New Year's Eve—customary procedures relating to release on bond were denied to those accused of driving while intoxicated. Although these claims are substantial and interesting, we need not decide them. It is clear from the findings and record proper that defendant was unable to obtain his release until he was given access to a telephone to make arrangements. Therefore, no prejudice to defendant's defense could have resulted from the delays relating to release on bail that did not result from denial of his rights under Section 31–1–5(A). Because defendant would not be entitled to a dismissal due to violation of his rights relating to release on bond unless he would also be entitled to a dismissal due to violation of Section 31–1–5(A), we need not decide whether his rights to release were violated.

### 5. CONCLUSION

For the foregoing reasons, we affirm defendant's conviction of failure to maintain a traffic lane and remand for further

---

2. The opinions in *State v. Hill*, and the principal case which it cited in support, *City of Tacoma v. Heater*, 67 Wash.2d 733, 409 P.2d 867 (1966) (en banc) each suggest that a per se rule of dismissal was required because of a violation of defendant's constitutional right to counsel. Both decisions predated *Morrison*. North Carolina and Washington now appear to have retreated somewhat from the per se rule. *See State v. Knoll*, 322 N.C. 535, 369 S.E.2d 558 (1988); *State v. Prok*, 107 Wash.2d 153, 727 P.2d 652 (1986) (en banc).

findings and conclusions with respect to any prejudice resulting from the violation of defendant's rights under Section 31–1–5(A). If the court finds that defendant has not shown a substantial threat of prejudice, the conviction for driving while intoxicated is affirmed. If the court finds such prejudice, that conviction is reversed and the district court shall set aside the judgment and sentence on that conviction.

IT IS SO ORDERED.

DONNELLY, J., concurs.

APODACA, J., dissents.

APODACA, Judge, dissenting.

I disagree with the majority that we must remand the case to the trial court on the issue of prejudice. The record reflects that the trial court made specific findings of prejudice due to defendant's inability to obtain a blood test during a crucial period of time. These findings were not challenged on appeal by the state. Aside from its reliance on a few cases, the state devoted only one sentence in its answer brief to contend that "[d]efendant has failed to show actual prejudice," without challenging the trial court's findings. We are thus bound by them, and a remand, in my view, would be inappropriate.

Additionally, aside from the trial court's specific finding of prejudice, this court can determine, as a matter of law, that there was prejudice, irrespective of whether we denote it as presumed or actual. The mere fact that a blood test may have contradicted the breath test is all that should be required. This case is analogous to a case of lost evidence in which the actual effect of its absence will never be known. The importance of gaining quick and certain access to counsel in an arrest for driving under the influence of intoxicating substances, for the possible purpose of conducting a blood alcohol test, is greater than access to counsel, for example, in a shoplifting case. In the former, the necessity for prompt access is due to the rapid dissipation of the evidence—the alcohol content in defendant's system. Once the alcohol has dissipated from defendant's body, a method to prove his innocence was lost.

The cases relied on by the state in support of its argument that defendant was not prejudiced are distinguishable because the issue in those cases was denial of a right to counsel, rather than prejudice caused by a failure to preserve evidence. *See State v. Gibby*, 78 N.M. 414, 432 P.2d 258 (1967); *State v. Maimona*, 80 N.M. 562, 458 P.2d 814 (Ct.App.1969); *State v. Knerr*, 79 N.M. 133, 440 P.2d 808 (Ct.App. 1968); *State v. Flores*, 79 N.M. 412, 444 P.2d 597 (Ct.App.1968). *State v. Sandoval*, 101 N.M. 399, 683 P.2d 516 (Ct.App.1984), likewise is distinguishable because there, "[n]either defendant contend[ed] that he was deprived of his right to an additional test." *Id.* at 401, 683 P.2d at 518. Here, defendant was deprived of his right to an additional test, not as defendants in *Sandoval* argued under the Implied Consent Act, NMSA 1978, Sections 66–8–105 to –112, but under the statutory right to contact his attorney. Section 31–1–5(A) modifies the right to counsel somewhat in that it gives an arrested individual the right to contact his attorney, if he so chooses, within twenty minutes of arriving at the place of detention. It is irrelevant that defendant did not specifically state that he intended to contact his attorney for the purposes of obtaining an independent blood alcohol test—what is relevant is that he was denied the opportunity to tell anyone anything. For these reasons, I dissent.