UNITED STATES of America,
Plaintiff–Appellee,

v.

Marcos Antonio MORALES,
Defendant–Appellant.

No. 99–30197.

D.C. No. CR–98–00508–3–HJF.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2001.*

Decided March 9, 2001.

Before T.G. NELSON, GRABER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant, Marcos Morales ("Morales"), appeals his convictions and sentences for armed bank robbery and use of a firearm in violation of 18 U.S.C. §§ 2113 and 922(c)(1). The district court's inquiry into the voluntariness of Morales' confession comports with the requirements of Rule 11. However, the district court erred in its calculation of restitution. For these reasons, we affirm in part and vacate and remand in part.

I.

■ Morales first argues that he should be allowed to withdraw his guilty plea because the district court conducted an inadequate plea colloquy. Specifically, he argues that, because the district court failed to inquire whether the Government's promise not to prosecute his common-law wife may have exerted undue influence upon him, his guilty plea was not "knowing and voluntary."

We have stated that "governmental threats of criminal sanctions against relatives are relevant to the voluntariness determination." *Sanchez v. United States,* 50 F.3d 1448, 1455 (9th Cir.1995). In this

---

* The panel unanimously finds this case suitable for decision without oral argument. FED. R. OF APP. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

case, the district judge and Morales had dialogue sufficient to show that his confession was knowing and voluntary:

> Court: Other than this plea agreement in which the government has made promises, have any other promises been made to you by the government or anybody else in order to get you to enter a plea of guilty?
>
> Morales: Not really.
>
> Court: Not really?
>
> Court: Have any threats been made to you by the government or by anybody else to get you to enter a plea of guilty?
>
> Morales: No, ma'am.

"Courts generally consider such responses to be strong indicators of the voluntariness of the defendant's guilty plea." *Id.*

Moreover, Morales, in his signed Petition to Enter Plea of Guilty, explicitly stated that his guilty plea was not the "result of force, threat, or intimidation" and he offered his plea "freely and voluntarily and of [his] own accord." While these declarations are not conclusive, they are relevant in determining the existence of coercion. *See Perry v. United States,* 332 F.2d 369, 369 (9th Cir.1964).

Because Morales' own testimony demonstrates that he was not coerced into pleading guilty, his plea stands. *See Sanchez,* 50 F.3d at 1455 (stating that the Government's promise not to prosecute the defendant's wife did not render a guilty plea invalid when the defendant denied that any threats and coercion had been used against him); *United States v. Sutton,* 794 F.2d 1415, 1422 (9th Cir.1986) (considering and rejecting a claim of coercion based on a threat of prosecution of the defendant's female companion when the defendant was specifically asked whether he felt "threatened, or coerced, or under duress and he said no").

## II.

Morales also argues, and the Government concedes, that the district court erred in imposing restitution in the full amount of the money taken from the bank. " 'The amount of restitution ordered must be judicially established.' " *United States v. Clack,* 957 F.2d 659, 661 (9th Cir.1992) (quoting *United States v. Angelica,* 859 F.2d 1390, 1395 (9th Cir.1988)). In determining restitution, a district court must deduct from the amount of actual loss any recovered proceeds. *Id.*

In this case, a total of $112,923.00 was stolen from the bank. The district court ordered the defendant to pay the entire amount. By the time of trial, however, the Federal Bureau of Investigation had recovered $44,916.00. The recovered proceeds should have been deducted from the restitution amount. *See id.*

We AFFIRM Morales' convictions based on his guilty pleas. We VACATE that portion of the sentence setting the restitution amount and REMAND for recalculation.