This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                 **NO. 34,318**

**ISAAC A. MONK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1} Defendant Isaac Monk appeals his conviction for driving under the influence of intoxicating liquor or drugs (DWI), contrary to NMSA 1978, § 66-8-102 (2010). On appeal, Defendant argues that, because no uncertainty computation was applied to his breath alcohol test (BAT) results, the results are unreliable such that admission into evidence at trial constituted an abuse of discretion. Defendant additionally argues that admission of his BAT results was improper under Rule 11-403 NMRA. Finally, Defendant argues that, if his BAT results were inadmissible under either theory, admission did not constitute harmless error. Applying the rationale articulated in *State v. Montoya*, 2016-NMCA-___, ¶ 16, ___ P.3d ___ (No. 34,298, June 29, 2016), we conclude that Defendant's offered testimony and evidence fail to make an affirmative showing that reason exists to doubt the reliability of his SLD-approved chemical test results. We further conclude that Rule 11-403 does not require exclusion. As a result, the admission of Defendant's BAT results did not constitute an abuse of discretion. Given our conclusion as to admissibility, we need not conduct an analysis into Defendant's harmless error claim. We affirm.

**BACKGROUND**

{2} On March 6, 2011, Defendant was pulled over for failure to maintain a traffic lane in violation of Albuquerque, N.M., Ordinances ch. 8, art. II, § 1-42. Officer Bruce J. DeHerrera noted signs of impairment, including bloodshot, watery eyes and an odor

of alcohol emanating from Defendant's person. Defendant complied with Officer DeHerrera's request that he perform field sobriety tests. Following these tests, Defendant was arrested on suspicion of DWI and was transported for breath alcohol testing. Officer DeHerrera administered Defendant's BAT on the Intoxilyzer 8000 (IR 8000). Defendant submitted two breath samples, which resulted in breath alcohol content (BAC) readings of 0.11 and 0.12. On appeal, Defendant does not allege that Officer DeHerrera failed to comply with mandatory breath alcohol testing protocol or that the specific IR 8000 used failed to meet existing regulatory requirements promulgated by the New Mexico Department of Health Scientific Laboratory Division (SLD).

**{3}** At his jury trial, Defendant's BAT results were admitted over objection. Defendant was convicted under Section 66-8-102(C), our per se DWI statutory provision. The district court affirmed Defendant's conviction. This appeal resulted.

**STANDARD OF REVIEW**

**{4}** We review a trial court's admission of evidence for an abuse of discretion. *State v. Jaramillo*, 2012-NMCA-029, ¶ 17, 272 P.3d 682. "A trial court abuses its discretion if its decision is obviously erroneous, arbitrary, or unwarranted." *Montoya*, 2016-NMCA-___, ¶ 10 (alterations, internal quotation marks, and citation omitted).

**ADMISSIBILITY OF BAT RESULTS**

**Scientific Evidence**

{5}    The similarities between this case and *Montoya* are substantial. Each defendant underwent breath alcohol testing on the IR 8000. Each defendant was represented by the same trial counsel. Each defendant relied upon principles of uncertainty inherent to all systems of forensic measurement as the basis to challenge the reliability of results generated by the IR 8000 and used the same expert witness as a conduit for this argument.

{6}    When a method for generating scientific evidence has gained general acceptance, a trial court is justified in considering that method reliable in the absence of "an affirmative showing that there is some reason to doubt the reliability of accepted science[.]" *Id.* ¶ 15 (alterations and internal quotation marks omitted) (quoting *State v. Fuentes*, 2010-NMCA-027, ¶ 28, 147 N.M. 761, 228 P.3d 1181). In the instant case, Defendant offered expert testimony and documents in support of his claim that the results generated by the IR 8000 are too unreliable to be admitted under Rule 11-702 NMRA. *See Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993) ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.") In particular, expert witness Janine Arvizu's conclusion, that Defendant's BAT results "are scientifically invalid in the absence of an associated estimate of uncertainty," mirrors the conclusion she provided

in *Montoya*. *See* 2016-NMCA-___, ¶ 22. ("[Arvizu's] position is that SLD-approved chemical test results, regardless of the BAC reported, are never scientifically reliable.").

{7}     Defendant makes a compelling argument as to the benefits of including an uncertainty computation when reporting BAT results generated by the IR 8000. However, Defendant's admitted evidence fails to make "an affirmative showing that there is some reason to doubt the reliability of accepted science[.]" *Id.* ¶ 15 (alteration, internal quotation marks, and citation omitted). Defendant's argument as to the reliability of his BAT results therefore goes to the weight rather than the admissibility of the evidence. *See, e.g.*, *Lee v. Martinez*, 2004-NMSC-027, ¶ 32, 136 N.M. 166, 96 P.3d 291 (holding that "deficiencies in calculating the rate of error" did not render the polygraph results at issue inadmissible).

**Application of Rule 11-403**

{8}     While it is unclear that Rule 11-403 was specifically raised below, in his brief in chief on appeal, Defendant asserts that, under Rule 11-403, the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . misleading the jury[.]" Defendant argues that, in the absence of an uncertainty estimate, a BAT result is potentially misleading because a jury could "misuse[] the

breath score to find [D]efendant guilty when it is probable that the [BAC] is not actually [0].08 or above[.]"

**{9}** "Scientific evidence, once admitted, can carry with it an aura of infallibility." *Montoya*, 2016-NMCA-__, ¶ 30 (internal quotation marks and citation omitted). Were we convinced that it was "probable" that Defendant's BAC was below 0.08, the proper conclusion would be exclusion. However, the testimony and evidence offered in support of Defendant's legal argument does not cause us to doubt the generally accepted science underlying breath alcohol testing. *See State v. Bearly*, 1991-NMCA-022, ¶ 13, 112 N.M. 50, 811 P.2d 83 ("[B]reath testing is generally regarded as highly reliable."). Therefore, the danger of misleading the jury did not substantially outweigh the probative value of Defendant's BAT results such that admission constituted an abuse of discretion. *See State v. Chamberlain*, 1991-NMSC-094, ¶ 9, 112 N.M. 723, 819 P.2d 673 ("The trial court is vested with great discretion in applying Rule [11-]403, and it will not be reversed absent an abuse of that discretion.").

**CONCLUSION**

**{10}** Because the trial court's admission of Defendant's BAT results did not constitute an abuse of discretion, we affirm.

**{11}** **IT IS SO ORDERED.**

_____

                    **JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**M. MONICA ZAMORA, Judge**