This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                 **NO. A-1-CA-34928**

**JEROME YAZZIE**,

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Defendant Jerome Yazzie appeals the district court's denial of his motion to dismiss probation revocation proceedings. Following the denial of that motion,

Defendant conditionally admitted to the probation violation in order to pursue this appeal. On appeal, Defendant makes two arguments, asserting that the State failed to prove he had notice of the relevant conditions of probation and also that his right to due process was violated by the district court's failure to conduct hearings concerning the terms and conditions of his probation, pursuant to NMSA 1978, Section 31-20-5.2(A), (B) (2003). Having reviewed the proceedings below, we hold that Defendant waived his opportunity to contend he was unaware of the terms and conditions of his supervised probation. We also hold that Defendant's right to due process was not violated because Defendant failed to establish that he suffered prejudice as a result of the deprivation of his statutory right to hearings. We therefore affirm revocation of Defendant's probation.

**BACKGROUND**

{2} Defendant was convicted, pursuant to an *Alford* plea, of criminal sexual contact with a six-year-old minor in 2008. When sentenced, all but five years of Defendant's fifteen-year term of imprisonment was suspended. Defendant's sentence included a probationary term of between five and twenty years, as required by Section 31-20-5.2(A). Defendant was released from incarceration and into supervised probation in 2012. Although Section 31-20-5.2(A) requires that "[p]rior to placing a sex offender on probation, the district court shall conduct a hearing to determine the terms and

conditions of supervised probation for the sex offender[,]" no such hearing was conducted upon Defendant's release. Further, although Section 31-20-5.2(B) requires review hearings concerning "conditions of a sex offender's supervised probation at two and one-half year intervals[,]" no such hearing was conducted once Defendant had been on supervised probation for two and one-half years.

{3}     In March 2015 the State filed a motion to revoke Defendant's probation for violating three conditions, set forth within a sex offender supervision behavioral contract signed by Defendant upon his release from incarceration. The behavioral contract prohibited Defendant's engagement in numerous specified activities. In its motion to revoke, the State alleged that Defendant: (1) contacted his then fourteen-year-old victim, (2) accessed pornography on his phone, and (3) deleted his phone's web browser history. Each alleged act violated specific prohibitions contained within the signed behavioral contract. Defendant moved to dismiss the State's motion to revoke, complaining that the court failed to conduct the hearings required by Section 31-20-5.2 and asserting that revocation of his probation was wrongly based on "violations of conditions that were never properly imposed in the first place." Notably, Defendant did not contend that he was unaware of the behavioral contract's applicable terms and conditions; rather, he contended that those conditions were not incorporated into the district court's previously issued order of probation or its judgment and

3

sentence. Following denial of his motion to dismiss, Defendant entered his conditional admission and this appeal followed.

**DISCUSSION**

{4}     On appeal, Defendant argues that the district court was required to grant his motion to dismiss for two reasons: (1) "the State failed to prove he was aware of the conditions of probation he allegedly violated[,]" and (2) the district court's prior failure to comply with Section 31-20-5.2's commands violated his right to due process. The State answers that Defendant failed to argue in district court that he was unaware of the terms and conditions of the behavioral contract. Also, the State argues that the district court properly denied Defendant's motion on the basis that he did not establish prejudice—a requirement for a due process violation—resulting from not having been afforded the statutorily required hearings. Specifically, the State asserts that Defendant failed to establish that if a hearing had been conducted in 2012 or 2014, he would have persuaded the court to remove the behavioral terms and conditions that formed the basis of the 2015 motion to revoke. In other words, although the State does not dispute Defendant's statutory entitlement to the hearings at issue, it maintains that nothing would have been different had they been held, and Defendant was therefore not prejudiced by their non-occurrence.

**{5}**     Regarding Defendant's first issue—his challenge to the State's presentation of proof regarding the alleged probation violation—we agree with the State. The motion to dismiss that Defendant filed in district court alleged no absence or deficiency of proof as to Defendant's personal knowledge of the terms and conditions of his probation or the sex offender behavioral contract. Rather, the motion complained that the behavioral contract set forth specific requirements that went beyond the language within the judgment and sentence and order of probation. But this Court has already held that the use of such behavioral contracts, in conjunction with conditions properly articulated by a district court that permit imposition of other reasonable conditions later established by probationary officials, is proper and does not foreclose revocation upon a determination that a condition set forth in the behavioral contract has been violated. *State v. Green*, 2015-NMCA-007, ¶ 11, 341 P.3d 10. Here, one condition imposed within the district court's order of probation instructed Defendant to "follow all orders and instructions . . . deemed appropriate by the [p]robation/[p]arole [o]fficer." Thus, Defendant's argument regarding the behavioral contract is only novel insofar as it references Section 31-20-5.2.

**{6}**     Yet on appeal, Defendant's claim has evolved to assert that the State should have been "required to show, through evidence or testimony, that [Defendant] received appropriate notice of the behavioral . . . contract." Defendant makes this

demand on appeal despite not only its absence from the motion to dismiss he contends was wrongly denied, but after having himself eliminated the need for such proof by conditionally admitting the violations. Had Defendant instead contested the violations, the State would then have been required to meet its burden of proof at the revocation hearing. At any such hearing, the State would presumably have offered into evidence the signed behavioral contract along with testimony regarding the circumstances of its execution and Defendant's understanding of it at the time. *See Green*, 2015-NMCA-007, ¶ 7 (providing examples of proof presentable by the state at a revocation hearing regarding violation of a condition set forth within a behavioral contract). Simply put, the argument Defendant makes on appeal is different from that he made to the district court and impermissibly expands upon the statutory question raised in his motion to dismiss. We will consider it no further. *See* Rule 12-321 NMRA ("To preserve an issue for review it must appear that a ruling or decision by the trial court was fairly invoked."). "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted).

{7}    Defendant next argues that his motion to dismiss was wrongly denied because his "procedural due process rights were violated" when the district court failed to

6

comply with Section 31-20-5.2(A) and (B). Initially, we agree with Defendant that the relevant statutory language is mandatory, requiring both that "[p]rior to placing a sex offender on probation, the district court shall conduct a hearing[,]" and that the "district court shall review the terms and conditions of a sex offender's supervised probation at two and one-half year intervals." Section 31-20-5.2(A), (B). In addition to requiring such hearings, the statute also provides factors for the district court to consider in assessing the appropriateness of "the terms and conditions of supervised probation for the sex offender." Section 31-20-5.2(A). The statute also requires that a sex offender's counsel of record be given notice of the hearing and provides that if such counsel is unable to represent the sex offender, new counsel should be appointed to represent him or her at the hearing. *See* § 31-20-5.2(D). A full reading of the statute makes clear the Legislature's intent that sex offender probationers be afforded hearings of the type denied Defendant.

{8}     In response, the State does not contend that the statutory language means something different than it says. Instead, the State's sole argument is that this Court should affirm revocation of Defendant's probation because Defendant: (1) is entitled to "less than complete due process rights" in a revocation proceeding, and (2) demonstrated no prejudice associated with the denial of his right to the statutory hearings. The State is correct regarding the differing nature of probation revocation

7

proceedings and criminal proceedings, and the accompanying diminution of the constitutional protections afforded probationers. "Because loss of probation is loss of only conditional liberty, the full panoply of rights due a defendant in a criminal trial do not apply." *State v. Guthrie*, 2011-NMSC-014, ¶ 10, 150 N.M. 84, 257 P.3d 904 (alterations, internal quotation marks, and citation omitted); *see State v. Vigil*, 1982-NMCA-058, ¶ 16, 97 N.M. 749, 643 P.2d 618 (noting that a proceeding to revoke probation is not part of a criminal prosecution and is more akin to an administrative proceeding in which "strict observance of technical rules of law and procedure is not required" (alteration, internal quotation marks, and citation omitted)). "A hearing on revocation of probation or parole is not a trial on a criminal charge, but is a hearing to determine whether, during the probationary or parole period, the defendant has conformed to or breached the course of conduct outlined in the probation or parole order." *State v. Sanchez*, 1980-NMCA-055, ¶ 11, 94 N.M. 521, 612 P.2d 1332. This is because unlike in a criminal prosecution, where a defendant faces potential loss of liberty depending on whether he or she is guilty or innocent, a probationer has already been convicted, sentenced, and placed on probation in lieu of incarceration. Freedom from incarceration is then not a matter of right, but a conditional privilege—the condition being adherence to suitable behavioral restrictions beyond those imposed upon citizens that have not been convicted of the crime or crimes a particular

8

defendant has. That is not to say that a probationer has no right of due process, but the right is not identical to that available to a citizen or a defendant prior to adjudication of the criminal behavior with which he stands accused.

{9} It is against this procedural backdrop that we address the State's argument that prejudice must be shown in order to establish any violation of due process during revocation proceedings. In support of this proposition, the State cites three cases involving various due process issues. The first of those, *State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935, involved admissibility of certain evidence at a probation revocation hearing. Because the rules of evidence are inapplicable to probation revocation hearings, the probationer asserted that the district court's evidentiary rulings violated his right to due process. *Id.* ¶ 36. In finding that admission of the evidence—which was cumulative of other evidence admitted during the proceedings—did not violate the defendant's due process rights, this Court directly stated that "in order to establish a violation of due process, a defendant must show prejudice." *Id.* ¶ 42; *see State v. Chavez*, 1985-NMCA-003, ¶ 11, 102 N.M. 279, 694 P.2d 927 (holding that the "burden of showing actual prejudice . . . rests upon the probationer"). Although *Neal* is distinguishable insofar as it did not involve violation of a right established by statute, we have required—and refused to assume the existence of—prejudice in this latter circumstance as well. For example, in *State v.*

*Bearly*, 1991-NMCA-022, ¶ 10, 112 N.M. 50, 811 P.2d 83, this Court addressed the violation of a DWI defendant's statutory right to reasonable access to a telephone after arrest, concluding that such "does not in itself require setting aside the conviction." *Bearly* held that "prejudice is the key consideration in determining" whether reversal is warranted, and that "[a] defendant is prejudiced only if [the deprived statutory right would have produced evidence that] gained the defendant dismissal of the charge or acquittal at trial." *Id.*; *see State v. DeBorde*, 1996-NMCA-042, ¶ 14, 121 N.M. 601, 915 P.2d 906 (holding that in order for a discovery violation in probation revocation proceedings to warrant reversal the defense must have been prejudiced); *see also State v. Jones*, 1998-NMCA-076, ¶¶ 29-30, 125 N.M. 556, 964 P.2d 117 (holding that "[w]e will not presume that prejudice results from [an officer's] statutory violation" and that prejudice was not established where the factual record did not indicate that "the outcome of [a] case would have been different" had the statute been followed). We thus conclude our case law supports the requirement that a defendant demonstrate the occurrence of prejudice when asserting a due process violation during revocation proceedings.

**{10}** We also point out that the requirement of establishing prejudice in conjunction with asserting a violation of due process exists sometimes, if not always, in circumstances where due process rights are fully available, unlike in probation

10

revocation proceedings. As its second cited case, the State points us to *Gonzales v. State*, 1991-NMSC-015, ¶ 6, 111 N.M. 363, 805 P.2d 630, in which our Supreme Court adopted a test to address the question of whether delay between a defendant's arrest and indictment constituted a due process violation such that the indictment should be dismissed. The "two-prong test requir[es] a defendant to prove prejudice and an intentional delay by the state to gain a tactical advantage" before an indictment should be dismissed. *Id. Gonzales* added, similar to this Court's refusal to assume prejudice in *Bearly* and *Jones*, that prejudice must be established by "more than mere conjecture" and must "impact[] the defense." *Gonzales*, 1991-NMSC-015, ¶ 8. The State points thirdly to *State v. Hill*, 2005-NMCA-143, ¶ 1, 138 N.M. 693, 125 P.3d 1175, which similarly involved both pre-indictment delay, and also the state's failure to preserve evidence for trial. In *Hill*, we held that the two-prong test articulated in *Gonzales* was not met and also that with regard to lost or destroyed evidence, the district court should have applied the three-part test announced in *State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680. *See Hill*, 2005-NMCA-143, ¶¶ 20-23. That test, in turn, requires as one of its elements that a defendant establish prejudice flowing from the improper suppression of evidence. *Id.* ¶ 20. But the requirement of prejudice in criminally—if not probation revocatory— adjudicative circumstances is not absolute. *See Herrera v. Sanchez*, 2014-NMSC-018, ¶ 17, 328

11

P.3d 1176 (holding that an accused need not demonstrate prejudice arising from grand jury proceedings conducted in violation of statutorily mandated structural protections afforded by grand jury statutes that "preserve the integrity of the grand jury system"). As well, regarding the statutory right, a defendant has to not be subjected to forfeiture or termination of good-time credits absent the occurrence of statutory procedures. Our Supreme Court held in *Brooks v. Shanks*, 1994-NMSC-113, ¶ 10, 118 N.M. 716, 885 P.2d 637, that "[a] state may create a liberty interest by establishing procedures that control how a deprivation of rights or privileges . . . may be imposed . . . [and that if] those procedures . . . were circumvented, a due process violation occurred." (Citations omitted.)

{11}    Although the circumstances under which violation of a statutory right in a probation revocation proceeding bears the capacity to establish a due process violation are not clear cut, we agree with the State that for Defendant to succeed on his claim in this circumstance, he must demonstrate that he was prejudiced by the absence of the hearings otherwise required by Section 31-20-5.2(A) and (B). *See Neal*, 2007-NMCA-086, ¶ 42; *Bearly*, 1991-NMCA-022, ¶ 14; *Sanchez*, 1980-NMCA-055, ¶ 15. We are nonetheless mindful of the fact that, unlike the cases cited by the State, the case at bar does not involve mere evidentiary error or delay; instead, it challenges the denial of statutory safeguards designed to benefit sex offender probationers. Nonetheless, given

the differing nature of probation revocation proceedings and the lesser panoply of constitutional protections available therein, *see Guthrie*, 2011-NMSC-014, ¶ 10, we are persuaded that despite the statutory violation, a showing of prejudice is needed in order to establish due process-based constitutional infirmity in the revocatory process.

{12}     Defendant makes no discernible claim of having suffered prejudice. Instead, Defendant correctly, but incompletely from the standpoint of due process in this context, declares that he should have been afforded the hearings he did not have. He does not argue that following a first such hearing under Section 31-20-5.2(A) the near-universal restriction against a convicted sex offender contacting his victim might have been removed, or that he, unlike most sex offenders, would have been permitted to access and delete pornography on his phone. Moreover, regarding his awareness and the absence of any previous complaint regarding the terms and conditions of the behavioral contract, the record indicates—with no contradictory inference—the existence of Defendant's signature on the behavioral contract and thus his agreement not to undertake the very activities the State alleged he engaged in. Until this appeal, Defendant never challenged his knowledge of the terms and conditions of—or his signature upon—the behavioral contract. And regarding that document's absence from the record and our reliance on multiple references to it within the record, we reiterate that Defendant waived his right to a hearing on the merits of the State's allegations

13

following denial of his motion to dismiss. By so proceeding, Defendant chose not to hold the State to its evidentiary burden of proof (typically established in revocation proceedings by documentary evidence such as sex offender behavioral contracts and presentation of probation officer testimony). Nor did Defendant himself present evidence that may have challenged his signature upon or his awareness of the terms and conditions of the behavioral contract, demonstrate his confusion regarding its contents, or establish a record from which this Court could conclude that prejudice existed.

{13}    Given the absence of any prejudice related to the proceedings in district court that culminated in revocation of Defendant's probation, we conclude that the right of procedural due process available to Defendant in such proceedings was not violated. By so holding, we do not mean to minimize the importance of statutory compliance in instances such as this, and take this opportunity to remind district courts that Section 31-20-5.2(A) and (B) provides for an initial hearing upon the commencement of a sex offender's period of probation, and periodic hearings thereafter, for the purpose of providing clarity regarding behavioral expectations to not only the sex offender probationer, but the community at large.

**CONCLUSION**

14

**{14}** Accordingly, the district court's order denying Defendant's dismissal motion is affirmed.

**{15}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**STEPHEN G. FRENCH, Judge**